# Wheelahan v. Phila. Traction Co., Appellant.

*Contributory negligence—Street railway—Stop, look and listen.*

It is the duty of one about to drive a vehicle across the tracks of a street passenger railway, to stop, look and listen just before reaching the tracks, and the failure to do so is negligence *per se.*

In this case plaintiff was negligent in not leaning forward in his wagon so as to get an unobstructed view, the hood to his wagon preventing a view further than twenty-five or thirty feet.

| 150 | 187 |
| 153 | 33 |
| 150 | 187 |
| 168 | 521 |
| 150 | 187 |
| 201 | 382 |
| 150 | 187 |
| 202 | ²110 |
| 150 | 187 |
| 19 SC | ¹446 |
| 150 | ·187 |
| 226 | ¹214 |

Argued Jan. 8, 1892.   Appeal, No. 403, Jan. T., 1891, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1890, No. 180, on verdict for plaintiff in trespass for personal injuries caused by alleged negligence of defendant.   Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM, MITCHELL and HEYDRICK, JJ.

The facts as they appeared at the trial, before BREGY, J., are stated substantially in the opinion of the Supreme court.    A witness for plaintiff testified that when plaintiff was fifteen or twenty feet from the track, the motor car was half a square away.

The court refused to give binding instructions for defendant.    Verdict for plaintiff for $368.75, and judgment thereon, whereupon defendant appealed.

*Error assigned* was refusal of binding instructions, quoting the point.

*Thomas Leaming*, for appellant.—The plaintiff was clearly guilty of contributory negligence in driving a heavy wagon at right angles to the path of a rapidly approaching cable car loaded with passengers without taking the trouble to lean forward so as to command a view of the street: Warner v. People Pass. R. R., 141 Pa. 615 ; Thomas v. Citizens Pass. Ry., 132 Pa. 504 ; Buzby v. Trac. Co., 126 Pa. 559.

The argument of appellant that if the courts held failure to look for an approaching car when about to cross a cable track to be contributory negligence *per se*, without reference to the distance or speed of the approaching car, it would amount to a *reductio ad absurdum* if the train as a matter of fact happened to be two blocks off, is answered by the fact that under such circumstances, no accident would happen and there being no defendant or negligence there would be no contributory negligence.    In other words, if a man crosses a cable track without looking when the train is approaching, he does a negligent act, but as no accident happens and he charges no one else with negligence he cannot himself be a contributor to a possible result which has never occurred.    Whereas if when he crosses without looking, a car is approaching which strikes him and he subsequently endeavor to charge its owner with negligence, then his own negligence immediately becomes a contributory one to the result which did follow, to wit, the injury.    In Beale v. P. R. R. Co., 73 Pa. 504, the same argument was submitted by plaintiff below, but the court answered that the fact of collision showed the necessity there was for care.

*N. DuBois Miller*, with him *Biddle & Ward*, for appellee.— When the plaintiff was within fifteen feet of the track, the

car was half a square away and it was under these circumstances that the plaintiff drove on; when he had actually nearly crossed the track, the car, coming at full speed without slowing up and no bell being rung, ran into the wagon. Long before the car had reached the intersection, the wagon was on the track and even if plaintiff had seen the car half a square away, he would have been justified in continuing on his course, for he had the right to assume that the rules of the road would be observed by the car. The accident occurred at a street crossing, a point where ordinary care was required to be exercised by both: Schmidt v. McGill, 120 Pa. 405. On approaching a crossing, it is the duty of a driver or gripman of a street car to slow up: Girard Coll. P. R. R. v. Middleton, 3 W. N. 486. The ordinary speed of a car ought to be checked at every street crossing. The driver should be looking before him and never allow his attention to be diverted: West Phila. Pass. Ry. v. Mulhair, 6 W. N. 508. The drivers of street cars owe the same measure of duty to other passengers, as the drivers of other vehicles, subject only to the limitation under which they are placed by the fact of their running on the tracks: Unger v. 42d Street R. R., 51 N. Y. 497; Pendleton St. Ry. Co. v. Shires, 18 Ohio St. 255. The plaintiff had a right to assume that the gripman would slacken his speed and was under no obligation to take precautions against extraordinary danger, due only to a failure to perform that duty: Reeves v. D. L. & W. R. R. Co., 30 Pa. 454; P. & R. R. R. v. Hummell, 44 Pa. 375.

The true test in this case is whether the plaintiff, knowing the law governing the duty of the gripman, and seeing the car where it was, would have been justified as a reasonable and prudent man in crossing the street. If so, then even admitting that he was negligent in not looking up the street any farther than he did, that would not be contributory negligence in this case. Contributory negligence which precludes recovery, is that only which actually is the cause of the accident. If the negligence of the plaintiff, no matter how great it may have been, was not the *causa causans* of the injury, it is not contributory *qua* the action, and is no bar to recovery: Creed v. Pa. R. R., 86 Pa. 139; Baughman v. R. R., 92 Pa. 335; Gould v. McKenna, 86 Pa. 302, Mentz v. 2d Ave. R. R., 3 Abb. Ap. 274.

The cases relied upon by appellants were instances of injury to pedestrians who are admittedly bound to exercise greater caution than drivers. In Warner's case, plaintiff was walking along the track between two snow banks, a place where he had no right to be. In Thomas's case, plaintiff attempted to cut across the track in front of an approahing car, not at a street crossing, but in the middle of the square.

If the rule of "stop, look and listen," a rule peculiar to Pennsylvania, is to be applied to every street crossing, the business of the city will be brought to a practical stand-still.

OPINION BY MR. CHIEF JUSTICE PAXSON, July 13, 1892.

This case is ruled by Ehrisman v. East Harrisburg City Passenger Railway Co., decided herewith. [The preceding case.] The plaintiff, in attempting to cross the track of the defendant company on Seventh street, with his horses and wagon, was struck by a passing car, which caused the injury for which this suit was brought. There was a hood to his wagon, which confined his view to twenty-five or thirty feet on each side. When he reached the crossing stones on the east side of Seventh street, he looked up and down as far as the hood permitted, about twenty-five or thirty feet, but no further. Had he leaned forward, he would have had an unobstructed view of the street, and would have seen the car. His failure to do so was negligence *per se*. As these facts appeared from his own testimony, he should have been nonsuited below. The same rule was held in Thomas v. Citizens Passenger Railway, 132 Pa. 504.

Judgment reversed.