# Gilmore v. Federal Street & Pleasant Valley Passenger Railway Co., Appellant.

*Negligence—Street railway—Right of public to use tracks.*

The public have a right to use street railway tracks in common with the railway companies, and it is the duty of the company to exercise such watchful care as may prevent accidents or injury to persons who, without negligence on their own part, may not at the moment be able to get out of the way of a passing car.

*Contributory negligence—Leaving horse unattended on track.*

A person is guilty of contributory negligence who leaves a horse and wagon unguarded upon the track of an electric street railway in a narrow and unlighted alley on a dark night, and he cannot recover for injuries to the horse and wagon, although the railway company was also negligent in running the car at a rate of speed that did not permit its stoppage within the distance covered by its own headlight.

Argued Nov. 1, 1892. Appeal, No. 133, Oct. T., 1892, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1892, No. 85, on verdict for plaintiffs, W. J. Gilmore & Co. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Trespass for injuries to horse and wagon.

At the trial, before McCLUNG, J., it appeared that defendant company operates a line of street cars by means of electricity, in the city of Allegheny, and one branch passes for a short distance through an unpaved alley, some twenty feet in width, known as Church alley. At the corner of this alley and a street, known as Green street, plaintiffs have a stable. On the evening of Nov. 3, 1891, after dark, plaintiffs' driver drove up to the stable and stopped in the alley, upon the tracks of the railway company. He allowed his horse to stand there, unhitched and unattended, while he carried various packages or boxes into the stable. While so engaged the driver saw a car coming towards him. He testified that he first jumped on the wagon and then off and went to the horse's head, and attempted to lead him out of the way, at the same time "hollering" at the car to stop. The motor-man did not hear him, and did not see him until he was so near that, before he could bring his car to a standstill, the car struck the hub of the wagon-wheel, and threw the shafts and the horse around against the side of the car, and the foreleg or foot of the horse was cut. At the time of the accident the spot was in darkness. Other facts appear by the opinion of the Supreme Court.

Defendant's points were as follows:

"1. There is not sufficient evidence in this case of negligence upon the part of the defendant company or its employees to justify a verdict for the plaintiffs." Refused. [1]

2. Request for binding instructions. Refused. [2]

Verdict and judgment for plaintiffs for $252.70. Defendant appealed.

*Errors assigned* were (1, 2) instructions, quoting them.

*W. P. Potter, Wm. A. Stone* with him, for appellant.

*Charles A. Sullivan,* for appellees.

OPINION BY MR. JUSTICE HEYDRICK, January 3, 1893:

There was abundant evidence to justify a jury in finding the defendant company guilty of negligence. Street railway companies have not an exclusive right to the highways upon which they are permitted to run their cars, or even to the use of their own tracks. The public have a right to use these tracks in

common with the railway companies, and therefore, while the rights of the latter are in some respects superior to those of the former, as was said in Ehrisman v. East Harrisburg City Passenger Railway Co., 150 Pa. 180, it is not negligence per se for a citizen to be anywhere upon such tracks. So long as the right of a common user of the tracks exists in the public, it is the duty of passenger railway companies to exercise such watchful care as will prevent accidents or injuries to persons who, without negligence upon their own part, may not at the moment be able to get out of the way of a passing car. The degree of care to be exercised must necessarily vary with the circumstances, and therefore no unbending rule can be laid down, but there is no difficulty in saying that it is negligence to run a car along a narrow and unlighted alley in a dark night at a rate of speed that will not permit its stoppage within the distance covered by its own headlight. This, according to the testimony of the defendant's own witness, its motor-man, it did the night of the accident by which the plaintiffs' horse was injured.

But the plaintiffs' driver, according to his own testimony, was equally negligent. He left his horse and wagon standing unguarded upon the track, and went into a stable in close proximity. How long he was absent does not appear, nor is it material. It was his duty to exercise the same watchful care when upon the track that the law exacts of the railway company in running its cars. It is an unbending rule, to be observed at all times and under all circumstances, that a person about to cross the track of a street railway must look in both directions for an approaching car before attempting to cross. Ehrisman v. East Harrisburg Passenger Railway Company, supra; Wheelahan v. Philadelphia Traction Company, 150 Pa. 187. But compliance with this rule would be an idle ceremony, if a person might afterwards stop his horse or vehicle upon the track, relax his vigilance, and, leaving his horse unguarded, go into a building in the vicinity, and there remain any length of time whatever. As well might a motor-man desert his post of duty and go into the car to speak to a passenger, or for any other purpose. For less negligence than that on the part of a grip-man this court recently sustained a judg-

ment against a street railway company, the injured party being free from contributory negligence. Schnur v. Citizens Traction Co., [the preceding case.] For these reasons the defendant's points ought to have been affirmed.

The judgment is reversed.