# Jensen *v.* Philadelphia, Morton and Swarthmore Street Railway Company, Appellant.

*Negligence—Street railways—Speed of car.*

It is the duty of a passenger railway company to run its cars, by day and by night, with or without headlights, in such manner, as to speed and attention, as not to imperil the safety of others who may be lawfully and with due care using the roadway. The degree of care required for this purpose necessarily varies with the circumstances, under some conditions arising from the character of the region traversed, the grade of the track, and the various surroundings, a rate of speed permitting the stoppage of

the car at a point within the range of its headlight, or even at a shorter distance, may be necessary, while under different conditions this rate may safely be exceeded.

It is reversible error to affirm without qualification a point as follows: "A railway is negligent if it runs its car at a rate of speed that will not permit its stopping within the distance covered by its own headlight."

*Appeals—Assignments of error—Points—Trial.*

The practice of presenting, as a point, an excerpt from an opinion of an appellate court, is not to be unreservedly commended, since a detached passage may give a misleading view of the essential point decided; and when such a passage is thus used, its presentation in a garbled form is to be unqualifiedly condemned.

Argued Oct. 23, 1903.    Appeal, No. 239, Oct. T., 1902, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1900, No. 514, on verdict for plaintiff, in case of Jens Jensen v. Philadelphia, Morton and Swarthmore Street Railway Company.    Before RICE, P. J., BEAVER, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Reversed.

Trespass to recover damages for personal injuries.    Before BEITLER, J.

At the trial it appeared that the plaintiff was injured on January 2, 1901, in a collision between his wagon and one of defendant's electric cars.    The case turned largely on the speed of the car.    The court affirmed without qualification plaintiff's fifth point which was as follows:

"5. A railway is negligent if it runs its car at a rate of speed that will not permit its stopping within the distance covered by its own headlight."

Verdict and judgment for plaintiff for $1,250.    Defendant appealed.

*Error assigned* was above instructions, quoting them.

*David Wallerstein,* for appellant.

*Henry W. Scarborough,* for appellee.

OPINION BY SMITH, J., December 19, 1903:

The practice of presenting, as a point, an excerpt from an opinion of an appellate court, is not to be unreservedly com-

mended, since a detached passage may give a misleading view
of the essential point decided; and when such a passage is thus
used, its presentation in a garbled form is to be unqualifiedly
condemned.  Here the plaintiff's fifth point, embodied in the
first assignment that " a railway is negligent if it runs its cars
at a rate of speed that will not permit its stopping within the
distance covered by its own headlight," while obviously derived
from the opinion of the Supreme Court in Gilmore v.
Federal St. &c. Pass. Railway Co., 153 Pa. 31, as obviously
distorts the meaning of the language there employed.  In
that case Mr. Justice HEYDRICK, delivering the opinion,
after saying that the degree of care must necessarily vary
with the circumstances, and therefore no unbending rule
could be laid down, added, in the same sentence, " but there
is no difficulty in saying that it is negligence to run a car
*along a narrow and unlighted alley on a dark night* at a
rate of speed that will not permit its stoppage within the dis-
tance covered by its own headlight."   The words here italicized
are omitted from the plaintiff's point; the proposition embodied
in the point is presented as a general and unbending rule; and
the appellee's argument aimed at maintaining it on the authority
of the case referred to.   Such, however, is not the character of
the rule as stated in that case.   Neither is the rule there laid
down applicable to the case in hand, for in this the accident
happened on an avenue sixty feet wide, provided with electric
lights, and the plaintiff testified that it was on a clear moonlight
night, and that he " could see about ten squares."

It is the duty of a passenger railway company to run its
cars, by day and by night, with or without headlights, in such
manner, as to speed and attention, as not to imperil the safety
of others who may be lawfully and with due care using the
roadway.   The degree of care required for this purpose nec-
essarily varies with the circumstances.   Under some conditions,
arising from the character of the region traversed, the grade of
the track, and the various surroundings, a rate of speed per-
mitting the stoppage of the car at a point within the range of
its headlight, or even at a shorter distance, may be necessary,
while under different conditions this rate may safely be ex-
ceeded.   The unqualified affirmance of the point in question,
therefore, was error.   In the affirmance of the plantiff's third,

sixth, eighth and ninth points, some aspects of the duties of street railway companies and motormen were briefly presented, but nowhere was the rule embodied in the fifth point in any manner qualified. Whether the jury might have found negligence on the part of the defendant, even had this point not been affirmed, is a matter that we cannot consider. The defendant's motorman testified that he " could not get the car stopped within the distance that the headlight would extend;" the court, in affirming the plaintiff's fifth point, instructed the jury that " a railway is negligent if it runs its car at a rate of speed that will not permit its stopping within the distance covered by its own headlight;" and followed with the instruction that " if you find that the plaintiff was not negligent, and you find that the defendant was negligent, . . . . you will then pass to the question of damages." Under the undisputed evidence of inability to stop the car within the range of its headlight, and the instruction that this was negligence, the jury could only find that the defendant was negligent, without regard to the evidence bearing on any other aspect of the case, or to any condition by which this absolute definition of negligence might be qualified. The court having, in effect, instructed the jury that the defendant was negligent, it is to be presumed that their verdict was based on this instruction; and whether they might have reached the same conclusion without this instruction is immaterial.

Judgment reversed and a venire de novo awarded.