SNYDER *v.* PATTON & GIBSON CO.

1. ACCOUNT—ACTION—BILLS OF PARTICULARS—RECEIPTS—STATE-MENTS—CONFLICT—CONCLUSIVENESS.

In an action on account, the facts that plaintiff files bills of particulars differing in their claims, and has presented statements and given receipts for payments inconsistent with his claim, are not conclusive against him, but are properly submitted to the jury.

2. WITNESSES — REFRESHING MEMORY — USE OF BILL OF PARTICU-LARS.

Plaintiff, in an action on account, after testifying that he copied the bill of particulars from his books, and that it was correct, is entitled to use such bill of particulars in testifying to the amount due.

3. ACCOUNT—ACTION—INSTRUCTIONS.

In an action on an account, an instruction that there is no dispute about the amount of certain items, but that there is a dispute as to whether it has been paid, is proper, although a receipted statement on which payment is admitted includes such items.

4. CONTRACTS—DEVIATION IN PERFORMANCE.

Where a contract to do grading provides that the contractor shall be entitled to pay for cost of transportation of his tools to a certain place, he is entitled to recover what it cost him to freight his good to a different point for which the cost of freight was less.

5. EVIDENCE—SELF-SERVING DECLARATION.

In an action against a corporation, a letter from defendant's bookkeeper to its president is not admissible.

6. APPEAL AND ERROR—ASSIGNMENT OF ERRORS—CHARGE AS A WHOLE.

Assigning error "upon the charge as a whole" is not allowable.

7. CONTRACTS — ALLOWANCE FOR INCOMPLETE PERFORMANCE — QUESTION FOR JURY.

In an action for an unpaid balance upon an account for labor, defendant's right to an allowance of a certain sum, by reason of plaintiff's failure to properly finish his job, is a question for the jury.

Error to Washtenaw; Kinne, J. Submitted January 31, 1906. (Docket No. 77.) Decided March 13, 1906.

Assumpsit by Clinton J. Snyder and Clarence L. Snyder, copartners as C. J. Snyder & Son, against the Patton & Gibson Company for work and labor. There was judgment for plaintiffs, and defendant brings error. Affirmed.

*N. H. Stewart*, for appellant.

*Thomas J. Cavanaugh* (*Cavanaugh & Wedemeyer*, of counsel), for appellees.

HOOKER, J. The defendant has appealed from a judgment of $1,197.50, entered against it, upon a verdict in plaintiffs' favor. The suit was brought to recover an unpaid balance upon an account for labor. The defendant had taken a contract to do grading, etc., for the Michigan Central Railroad Co. Plaintiffs had done some of this work by contract with Tench, a subcontractor under the defendant, after the completion of which they did some work for the defendant. The claims of the plaintiffs are few and plain. They are:

| | |
|---|---:|
| (1) That they graded 289 yards on Jackson cut, at 16¼ cents per yard | $47 68 |
| (2) 355 yards on Shanty cut, at 16½ cents | 58 57 |
| (3) At Lawton job, 5,200 yds., at 30 cents | 1,560 00 |
| (4) Day work at Mattawan | 186 48 |
| (5) Cost of transportation | 108 00 |
| (6) Freight on tools | 52 80 |
| | $2,013 53 |
| Credit, cash | 773 13 |
| | $1,240 40 |

1. They offered testimony tending to show that they did all of the above work, and that the prices charged were agreed upon, except the item of 5,200 yards, which they testified was taken at the agreed price of 16 cents on an estimate of 1,800 yards to be moved from 30 to 800 feet,

but before the work was done the plans were changed, increasing the distance that the earth was moved, and the amount of excavation; that Patton was informed that plaintiff could not do this for 16 cents, and that it was worth 30 cents, and he told plaintiff to go ahead and do the work. They also produced testimony tending to show an agreement to furnish plaintiffs free transportation for their equipment, which was not done, and the amount that it cost to take the equipment to Ann Arbor, and Lansing, where a portion of it was taken at a less cost than to have taken it to Ann Arbor. This testimony was contradicted by defendant's witnesses, both as to the amount of work done and the price agreed upon. This would seem to raise a plain issue of fact for the jury, but we infer, from the defendant's brief, that it is its claim that the fact that two bills of particulars, differing in their items, and plaintiffs' signature to a statement, and receipt, when a payment was made, should have been held to be conclusive against the plaintiffs.

2. If the plaintiffs made different claims, whether in the form of bills of particulars or not, it was proper for the jury to consider that fact, and it was proper to submit to the jury the receipt, and the circumstances under which it was signed. Neither was conclusive, however, and the court did not err in refusing to so treat them. The subjects of quantity, price, and payment were for the jury to decide.

3. After one of the plaintiffs had testified in detail to the various items of the account the following occurred:

"They paid me in all $719 in cash and horse and mules.
" Q. Do you have a record or book account of it anywhere?
" A. Yes, sir; it might be $729.
" Q. $773.13 your bill of particulars says.
" A. It is in that neighborhood, if I write anything down and have a record of it I don't try to remember it. I copied my bill of particulars right from the books. I don't have it here. It is copied right from the timebooks.

" *Q.* Whatever is upon your bill of particulars you have received ?

" *A.* Yes, it is something over $700.

" *Q.* There is the bill of particulars.

" *A.* $773.13 is what they have paid.

" *Q.* How much do you claim is now due, or was, on the 26th of October, 1904 ?

" *Mr. Stewart :* I object to his swearing from a bill of particulars, that is mere pleading. If he has any account he can make up here I have no objection to it.

" *The Court :* He may state. (Counsel for defendant excepted.)

" *A.* $1,240.40 they owe, after deducting $773.13."

Error is assigned upon this. It was obviously a proper examination.

4. In this connection we will refer to the charge. The court stated that there was no dispute about the amount earned in the Jackson and Shanty cuts, but that there was a dispute as to whether it had been paid for. It is said that this was error, for the reason that the receipted statement, upon which the payment of $548.14 was admitted, included these items, being the first items therein. It is contended that this should have eliminated these items as paid. It had that effect practically, without doubt; but to have taken those items from the jury, without taking a corresponding amount from the admitted payments, would have been unjust and erroneous. The course taken by the court was the only proper one. Those items, with others, constituted a statement made by the defendant, all being admittedly paid, but with the exception of these two items all were disputed, and the whole matter was open to consideration. It was also proper, as already indicated, for the court to submit to the jury the question whether this payment was accepted as payment in full, or on account. We think that nothing will be found in the case of *Hackley* v. *Headley*, 45 Mich. 569, at variance with what has been said on the subject.

5. It is unnecessary to discuss the questions relating to

transportation further than to say that there was no error in the instruction that:

"I think he would also be entitled to recover what it cost him to freight his goods to Lansing, inasmuch as that would be less than it would cost to freight to Ann Arbor."

The court refused to allow defendant to introduce a letter from Applegate, its bookkeeper, to its president. It was not admissible.

6. Assigning error "upon the charge as a whole" has long been obsolete under our rules, if the practice ever prevailed.

7. It is contended that defendant should have been allowed $62.12 by reason of plaintiff's failure to properly finish his jobs. The court left the question to the jury, which was all that defendant had a right to ask.

8. The court did not err in refusing a new trial.

The judgment is affirmed.

MCALVAY, GRANT, OSTRANDER, and MOORE, JJ., concurred.