NISSLY v. DETROIT, JACKSON & CHICAGO RAILWAY CO.

1. STREET RAILROADS — NEGLIGENCE — OPERATION OF CARS—ANI-
   MALS.
   That a motorman of an interurban railroad failed to ring his gong, and instead, tried to stop the car in order to avoid killing a colt on the track, was not negligence merely because the event proves the way he selected was not the best to meet the exigency.[1]

2. SAME.
   And it was error to charge the jury that it was his duty to use all means at his command to avoid the accident, that if he failed to employ all reasonable means within his power to avoid the accident, or if he was careless, reckless, or indifferent, he would be guilty of negligence, and that under ordinary circumstances it would have been his duty to. ring his gong, and failure to do so would be evidence of negligence.

3. SAME—RATE OF SPEED—EXCESSIVE SPEED.
   Whether a rate of speed of forty miles an hour was reasonable, along a public highway, was for the jury.

4. SAME—ANIMALS IN HIGHWAY.
   While the motorman owed no duty to reduce his speed below a rate that would otherwise be reasonable, not being bound to anticipate that plaintiff's horse was at large, if he was run-

[1] As to injuries by street car collisions with vehicles or horses, see note in 25 L. R. A. 508.

ning the car so rapidly that he could not have stopped it within such distance as the colt could have been seen upon a straight track, the question of negligence was for the jury.

5. SAME—CONTRIBUTORY NEGLIGENCE.

The owner of a colt who permits it to run at large in a highway over which an electric road is operated, or who carelessly permits it to escape, is guilty of contributory negligence.

### ON REHEARING.

APPEAL AND ERROR — SAVING QUESTIONS FOR REVIEW — ASSIGNMENTS OF ERROR—CHARGE.

Plaintiff's motion for a rehearing having been granted and the case reargued, his judgment is affirmed on the ground that the error in the court's charge on which the judgment was reversed by the original opinion in this cause was waived by appellant's failure to assign error upon the objectionable portion of the charge or to refer to the point in its brief. Supreme Court Rule 40.

Error to Washtenaw; Kinne, J.   Submitted April 10, 1911.   (Docket No. 68.)   Decided May 8, 1911.   Rehearing granted September 29, 1911.   Previous opinion reversed March 29, 1912.

Case by Charles Nissly against the Detroit, Jackson & Chicago Railway Company for the negligent killing of plaintiff's colt.   Judgment for plaintiff.   Defendant brings error.   Affirmed.

*M. J. Cavanaugh* and *George J. Burke,* for appellant.

*J. W. Bennett,* for appellee.

HOOKER, J.   Plaintiff recovered a judgment for $100 for the loss of his colt, killed by defendant's electric car. Defendant has appealed.

The car was being run from Ypsilanti to Saline, along and within the limits of the public highway, at a rate of from 30 to 40 miles an hour.   The head lamp was lighted. The plaintiff's residence was upon an eminence of eight feet, from which the road descended in each direction.

From 200 to 250 feet west of plaintiff's house, there was an oak tree, which stood between the track and the fence. The plaintiff's testimony indicates that he left the colt tied in his barn, with the doors shut, and on his return from Saline found the horse dead. The motorman and conductor of the car, being the only witnesses who saw the accident, testified that the car was running at a speed of from 30 to 40 miles an hour. Both were in the front of the car, and as the car got up the hill and in front of plaintiff's house both saw this colt come from behind the oak tree mentioned and run upon the track directly toward the car, until he collided with it. They testified that the motorman did all possible to stop the car, and that he did not ring the gong. The motorman said that he had no time to ring it; his attention being wholly directed to stopping the car. There was no evidence indicating that the horse got caught or entangled in the rails that lay beside the track.

The negligence charged is that the duty of the motorman was to so run his car as to speed that it would be at all times under his complete control, and so that it might be stopped within a short distance, should any cattle or horses or other property of the plaintiff be seen and observed on the track, and so that the car would be stopped, before it should strike or injure the horse or cattle of plaintiff. Yet, although the horse was visible in time to have checked and stopped the car without injury to said horse, he failed and neglected to do so, and the horse was killed. It was also claimed that rails were strewn along the track and prevented the horse, who became caught and ensnared by them, from getting off the tracks in time to avoid the car; but there was no testimony calling for the submission of this question, and no question is raised upon it in defendant's brief.

Upon the undisputed proof, the horse was struck at or near 11 o'clock at night, about 50 feet from where he was first seen, and the motorman was not negligent in his efforts to stop the car, unless it was negligence to omit to

ring the gong. Whether this was negligence upon this record, and whether there was negligence in the rate of speed, were the important questions at the trial.

Upon this record we have three questions: (1) Was defendant proved guilty of negligence? (2) Was plaintiff negligent? (3) Was the verdict contrary to the evidence?

**Defendant's Negligence.** The undisputed evidence shows that the colt emerged from behind a tree, and that up to that time he was not visible. The two railroad men testify to this, and the plaintiff said that the colt might not be visible, if behind the tree. The undisputed testimony shows, also, that when he came on the track he was plainly visible by aid of the headlight; that he ran directly toward the car, until he collided with it; and that during this time the motorman did his best to stop the car. It is said that he was negligent in not ringing the gong. His evidence indicates that he was engrossed in his efforts to stop the car, which, in his judgment, was more important than ringing the gong.

Counsel urge that ringing the gong might have frightened the animal from the track, and it is possible that this is true. This was a question which should have been submitted to the jury, had there been any dispute in the testimony, with the instruction that:

"When, to avoid an impending collision, the motorman is obliged to choose instantly one of two appliances (or methods) provided for stopping the car (or averting the collision), he is not guilty of, and his company is not chargeable with, negligence, because the event proves that the one he chose and used may not have been efficacious, or the best to meet the exigency."

See *Bittner* v. *Railway Co.*, 153 N. Y. 76 (46 N. E. 1044, 60 Am. St. Rep. 588); *Wynn* v. *Railroad Co.*, 133 N. Y. 575 (30 N. E. 721).

In the case of *Stabenau* v. *Railroad Co.*, 155 N. Y. 515 (50 N. E. 277, 63 Am. St. Rep. 698), the court said, where the motorman had used the brake, instead of reversing the current:

"Whether the one or the other means provided for stopping the car should have been adopted was a matter for the exercise of the motorman's judgment, and, though newly employed, he was not shown to be incompetent. For an error in its exercise, the defendant could not be held responsible. Even the failure to have exercised the best judgment would not have been evidence of negligence."

As the record stands, therefore, the court should not have instructed the jury that:

"It was the duty of the motorman, as soon as he saw this colt on the track, to use all means at his command to avoid this accident. If he did so and his car was under such control as I have before described to you, then he was guilty of no negligence. If, on the other hand, he failed to employ all reasonable means within his power to avoid this accident, or if he was careless or reckless or indifferent, then he would be guilty of negligence. Under ordinary circumstances, it would have been his duty to have rung his gong, and thus give notice of his approach, and a failure so to do would be evidence of negligence; but if, under the peculiar circumstances of this case, his failure so to do can be explained and excused on the ground that he did all that a prudent person could naturally be expected to do under like circumstances, then no negligence in this respect can be charged against the motorman."

**The Rate of Speed.** There was testimony that the car was running at 40 miles an hour when the colt was first seen, and plaintiff's counsel claim that this was an unreasonable rate of speed, which prevented the stopping of the car in time to avoid the collision.

If the rate of speed was a reasonable one, there was no negligence, and the question of reasonableness was one to be determined on all the facts and circumstances.

This motorman was not bound to anticipate that plaintiff's horse would be at large, or concealed behind a tree, and therefore owed no duty to reduce his speed below what would otherwise be reasonable. It is undeniable, however, that if his rate of speed was unreasonably great it would be negligent, and we are of the opinion that if

the motorman was running his car so fast that he could not have stopped it within the distance that this colt could have been seen upon a straight track, the jury might have been justified in finding the speed unreasonable.   But if the colt came onto the track, well within the distance that he could have been seen, the fact that the car could not be stopped before it struck him would not make the rate unreasonable.

We cannot lose sight of the public convenience, and its desire for rapid transit, with the inducement to run these cars at a much higher speed than 30 miles an hour.   They are in competition with steam roads, which run faster than that.   Where they run in the highways, which are also used by other vehicles, the circumstances of such use are to be considered.   The legislature has power to control and regulate speed, and may require adequate protection.   Until this power is exercised, we can recognize only the rule that the rate is unlimited, except by the general rule that it must be reasonable under all the circumstances.   *Gosnell* v. *Railway Co.*, 21 Ont. App. 553; Nellis on Street Railways, § 393 *et seq.; Stafford* v. *Railroad Co.*, 110 Wis. 331 (36 N. W. 1036).

This motorman was not bound to anticipate that a colt would be at large, and come suddenly upon the track so near that the car could not be stopped in time to avert an accident, and, if his speed was not such as to have precluded the stopping of the car within the distance that such an object could have been seen upon the track that night, there was no negligence.   This was, however, a question for the jury.   Apparently this was the view taken by the circuit judge.   *Gilmore* v. *Railway Co.*, 153 Pa. 31 (25 Atl. 651, 34 Am. St. Rep. 682); Nellis on Street Railways, § 515.

**Was plaintiff negligent?**   The plaintiff had no right to allow his colt to run at large in the highway.   If he did so intentionally on that occasion, or if it escaped by reason of his negligence, he should not have had a verdict.

Whether either of these conditions existed was a question for the jury, as the trial judge held.

As we are constrained to reverse the judgment for the reason first stated, it is unnecessary to refer to the refusal of a new trial.

The judgment is reversed, and a new trial ordered

OSTRANDER, C. J., and BIRD, BLAIR, and STONE, JJ., concurred.

### ON REHEARING.

BIRD, J.  After this case had been decided (*ante*, 676 [131 N. W. 145]), the plaintiff applied for and was granted a rehearing.  Upon the rehearing it was urged that the case should not have been reversed for the reason stated in the opinion, because the point was neither raised by defendant's assignments of error, nor discussed in counsel's brief.

The ground upon which the reversal is based in the opinion is that part of the charge of the trial court in which he stated to the jury what the duty of the motorman was with reference to sounding the gong.  We have examined the records and briefs carefully, and are of the opinion that plaintiff's point is well taken.  No assignment of error is predicated upon that part of the charge, unless it be defendant's general exception to the whole charge.  Such an assignment is too general to reach specific objections of this character.  *Snyder* v. *Patton & Gibson Co.*, 143 Mich. 350 (106 N. W. 1106).

Even if the general assignment were sufficient, we would be obliged to hold that it was waived by reason of failure of counsel to refer to it in their brief.  Supreme Court Rule 40; *People* v. *Cole*, 139 Mich. 312 (102 N. W. 856).

With this assignment eliminated, it would follow that the case should be, and is hereby, affirmed.

MOORE, C. J., and STEERE, MCALVAY, BROOKE, BLAIR, STONE, and OSTRANDER, JJ., concurred.