SOMMBRVILLE, J.
Plaintiff, a motorneer on an electric street car in New Orleans, alleges that while operating the car at night he ran into the wagon of defendant, and that he was injured through the fault and neglect of defendant's driver; that the wagon was without a light, contrary to a city ordinance, was standing on the track in a dark and obscure place; and that plaintiff could not and did not see the wagon on the car track until it was too late for him to stop his car to avoid a collision. There was judgment for the plaintiff, and defendant has appealed. Plaintiff has answered, and asked for an amendment of the judgment.
[1] Plaintiff testified that he was an experienced motorneer, who had been in the employ of the railroad company for some time; that he was proceeding up Tchoupitoulas street, which was a narrow street upon which there was laid a double car track; that the time was 7:05 in the evening of September 9th; that it was quite dark; that the car was running at a rate of between 18 and 25 miles an hour; that he could not stop the car in less than 100 feet; that the headlight on the car projected the rays of light between 10 and 15 feet in advance of the car; that the place of the accident was much darkened by low, overspreading branches of oak trees; that he did not see, and could not see, defendant’s wagon, which was on the car track ahead of him, until the rays of the headlight shown upon the wagon, about 10 or 15 feet in advance, and that the car struck the wagon before he could stop it; and that he was injured by the collision. He further testified that defendant’s wagon was without a light, and that if there had been a light on the wagon he would have seen it, that he would have avoided the accident, and that he would not have been injured.
The 'testimony of plaintiff himself shows that he was the actor in the collision of the ear and wagon, that he ran into the rear end of defendant’s wagon, and that he was injured as a result of that collision.
The case is not similar to or covered by those cases referred to by plaintiff where a runaway horse ór other dangerous agency had precipitated the accident.
Plaintiff testified that he was propelling his car at a great rate of speed, between 18 and 25 miles an hour, after nightfall, in a particularly dark locality or street of a city, where he had reason to expect people or objects to be, without sufficient light for him to see more than 10 or 15 feet ahead of him, which space was not sufficient in which to stop his car and avoid striking the person or object which might be in his path.
In the case of Gilmore v. Federal St. R. Co., 153 Pa. 31, 25 Atl. 651, 34 Am. St. Rep. 682, it is said:
“There is no difficulty in saying that it is negligence to run a car along a narr >w and unlighted alley in a dark night at a rate of speed that will not permit its stoppage within the distance,covered by its own headlight. This, according to the testimony of the defendant’s own witness, its motorman, it did the night of the accident by which the plaintiffs’ horse was injured.”
Plaintiff recklessly placed himself in the position to come into contact with defendant’s wagon; and he cannot recover damages from defendant because of that collision. Moren v. N. O. Ry. & Light Co., 125 *827 La. 944, 958, 52 South. 106, 136 Am. St. Rep. 344.
Plaintiff may not have been actively violating the law in running 18 miles an hour; but he was doing so if he was going 25 miles an hour, the extreme limit that he himself set as the rate he was going. But he was reckless in going so rapid under the existing conditions, and, as actor, he is answerable for the injurious consequences which befell him; and the question of defendant’s negligence does not arise. The case will be decided on plaintiff’s proven negligence or willfulness.
Plaintiff cites the opinion of the court in Damonte v. Patton, 118 La. 530, 43 South. 153, 8 L. R. A. (N. S.) 209, 118 Am. St. Rep. 384, 10 Ann. Cas. 862, where a motorman sued the owner of a runaway horse for injuries caused by the horse colliding with the car, about 3:35 in the morning, when the streets were practically deserted, and the motorneer was quietly proceeding on his way on schedule time, and did all that he could to avoid the collision. The motorneer was not the actor or aggressor in that case; and we quote in the opinion from Thompson on Negligence, vol. 1, p. 382, the following:
“Moreover, it is a sound view that a person is not chargeable with contributory negligence in not anticipating that other persons will be negligent or will violate the law, and in not providing against such possible violations of it.”
[2, 3] Defendant cannot be charged with negligence by plaintiff, who, himself, was willfully reckless in driving his car through the streets of a city at 7 o’clock in the evening at a great rate of speed, without sufficient light to see more than 10 or 15 feet ahead of him, and knowing that he could not stop within a distance of 100 feet, and assuming all risks of meeting persons, vehicles, and other objects ahead of him at any moment. Defendant was not called upon to anticipate plaintiff’s recklessness and provide against it; and plaintiff cannot recover for the injuries suffered by him and due to his own reckless act.
The judgment appealed from is annulled, avoided, and reversed; and it is now ordered, adjudged, and decreed that there be judgment in favor of defendant, dismissing plaintiff’s suit at his costs.
O’NEILL, J., concurs in the decree.