PARLONGUE v. LEON

(February 14, 1927. Opinion and Decree.)

(*Syllabus by the Court*)

1. Louisiana Digest—Automobiles—Par. 4; Negligence—Par. 1.

It is not negligence to stop upon the right side of the highway to make temporary necessary repairs to an automobile.

2. Louisiana Digest—Automobiles—Par. 4, 4 (a); Negligence—Par. 22.

It is negligence on the part of the plaintiff to stop his automobile at night upon the highway without headlights or back lights; but if the defendant could have avoided the collision by due care he is liable in damages.

3. Louisiana Digest—Automobiles—Par. 4.

One restriction on the speed of an automobile at night is that the chauffeur shall keep his car under such control and operate it at such speed only that he can stop his car and avoid an obstruction within the distance that his lights illuminate the highway.

(See Civil Code, Article 2315. Editor's note.)

Appeal from Twenty-fifth Judicial District Court, Parish of St. Bernard. Hon. J. O. Meraux, Judge.

Action by Alex J. Parlongue against Charles Leon.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Oliver S. Livaudais, of New Orleans, attorneys for plaintiff, appellant.

Leander H. Perez and Neil A. Armstrong, Jr., of New Orleans, attorneys for defendant, appellee.

OPINION

CLAIBORNE, J. The plaintiff claims $2791.45 damages from the defendant caused by a collision of automobiles.

Plaintiff alleged that, on December 21, 1924, at about 6 P. M., he was driving his automobile on the St. Bernard Parish highway, coming into New Orleans, at a point in the rear of the Chalmette monument; that he stopped his car on the right-hand side of the road for the purpose of making some repairs, and was leaning over the tool box to get a tool when the defendant, coming up towards the rear of plaintiff's car, struck it with such force that the impact threw plaintiff's car into the ditch next to the road, damaging it, and throwing plaintiff to the ground, breaking one of his ribs and otherwise injuring him internally, causing him much suffering; that the collision was due to the negligence of the defendant.

The defendant admitted that he was driving on the St. Bernard road on December 21, 1924, but denies that it was 6 P. M., and avers that it was nearer 7:30 P. M.; he admitted that he collided with plaintiffs car but the fault was solely that of plaintiff; that plaintiff was parked on the side of the road in the path-way of up-going traffic without any red light in the rear of his automobile.

Assuming the part of plaintiff in recon-vention, the defendant claimed $292.80 for damages done to his automobile. He alleged that he was driving on the St. Bernard highway into New Orleans at a moderate rate of speed on the extreme right-hand side of the road with both headlights burning, and upon reaching a point on said road in the rear of the Chalmette Monument, he suddenly came upon a black object, which proved to be an automobile parked upon the right-hand side of the road without lights, when defendant, using all means within his power to avoid striking the car, swerved to the left and struck the left rear fender of plaintiff's car, causing damage to defendant's car in the sum of $292.80, which he claims in recon-vention.

There was judgment in favor of defendant, rejecting plaintiff's demand, and in favor of defendant on his reconventional demand against plaintiff for $292.80.

The plaintiff has appealed.

The Supreme Court has decided that it is not negligence to stop an automobile upon a highway momentarily for the purpose of making urgent repairs to it. Southall vs. Smith, 151 La. 967, 92 South. 402.

It is negligence to stop an automobile upon the highway after dark without headlights or back lights. But this negligence does not justify another automobile to run into it negligently, nor absolve it from responsibility if, by the use of ordinary care, the collision could have been avoided. The question whether the plaintiff had lights in front or the rear of his automobile at the time of the accident is asserted by the plaintiff and denied by the defendant. Assuming that the plaintiff had no lights at all, he can fail to recover only if defendant, in the absence of those lights, could have avoided the collision by the exercise of proper care.

In the case of Blackburn vs. Rrd., 144 La. 520, 80 South. 708, the plaintiff sat upon the track of the defendant railroad at 3:20 A. M. of the night and was run over and killed by a train of the defendant company. Suit was filed against the railroad; the defense was contributory negligence. There was judgment for plaintiff. The court said on p. 529:

"In our opinion this case must turn upon the failure of the engineer or fireman to see deceased in time to stop and avoid striking him. As indicated heretofore, the active phases of his gross negligence were spent, and he was in such a position of apparent helplessness as to have been seen and his condition appreciated had the proper precautions been observed. It will not do for railroad companies to run their trains into and through thickly populated towns and cities, by depots and places where people are known to frequent, at such high rates of speed; their employees are not seeing that which, by the exercise of ordinary care, they should see, and then be permitted to escape liability because of the inability of such employees to stop the trains when the danger is actually discovered. Under such circumstances ordinary prudence should induce them to get their trains under such control as, with a careful watchout, they will be able to stop when necessary. In other words, increasing caution with danger, such speed only should be maintained as will enable them, with the light available, whether natural or artificial, to see persons or objects upon

their tracks, and by the use of modern appliances to stop and avoid striking them, if the necessity should appear to a resonable mind. If this were not required they might as well pull the throttle open and go through at full speed, insofar as any good might result from an effort to stop when running at such a speed as would not permit it to be done after seeing the danger. This train was either running at such a rate of speed that it could not be stopped within the distance objects on the track could be seen, or the lights were defective on the train, or the trainmen were not keeping a proper lookout. Whichever may have been the case, that was the proximate cause of the injury. If there were any difficulties against seeing, this was all the more reason why greater care should have been used."

McClanahann vs. R. Rd., 111 La. 781, 35 South. 902; Jacobs vs. Jacobs, 141 La. 273, 74 South. 992.

In Dean vs. Burglass, 144 La. 824, 81 South. 330, the court said:

"A motorman negligent in running his car through a dark street in the evening at a high rate of speed, with a light enabling him to see only 10 to 15 feet ahead, knowing that he could not stop within that distance, assumed all risk of meeting persons and vehicles ahead of him on the track and could not recover for injury from a collision with a wagon on the track." Mire v. Y. & M. V. R. R. Co., 105 La. 462, 29 South. 935; 125 N. W. 925; 132 Tenn. 487; 178 S. W. 1117 L. R. A. 1916 A, 1111 Berry, S. 386.

Huddy on Automobiles, p. 360, S. 307:

"Reasonable care requires in many cases that the driver of a motor vehicle drive at a slower speed at night than during the day. One restriction on his speed is that he shall keep the machine under such control and operate it at such a speed that he can stop the machine and avoid an obstruction or danger or another traveler within the distance that the highway is illuminated by his lights."

Also p. 937, S. 715.

The defendant violated this rule.

He, and his witness, testify that they did not see plaintiff's car until they came within a few feet of it. The road upon which the defendant was traveling was smooth and straight and his headlights were burning brightly. Nothing obstructed his view.

"He will be presumed, in case of accident, to have seen what he should have seen in the performance of his duties." Kelly vs. Schmidt, 142 La. 91, 76 South. 250.

That the defendant was traveling at a great rate of speed is established by the damage itself. Res ipsa loquitur. His car shoved the plaintiff's car off the road into the ditch next to the road and knocked plaintiff against a tree with sufficient force to break one of his ribs.

The damage done to defendant's car, according to his own testimony, consists of: Straightening front axle, two front springs, new fenders, two headlights, repair top curtains, new running board plate, one double bar bumper, right front wheel broken, and repainting car.

The two cars were locked together and the services of a wrecker were necessary to pull them apart and to drag defendant's car away. We conclude that the accident happened through the fault of the defendant.

Plaintiff's testimony as to the damage to his car and the cost of repairs is uncertain and unsatisfactory. The items proven with any degree of certainty amount to $95. He paid $39.70 to Hotel Dieu and his doctor's bill was $50, making a total of $184.70.

Plaintiff had a rib broken and suffered much pain, remained in the hospital five days and at his home two weeks. We fix his damage, therefore, at $750.

It is therefore ordered that the judgment herein be reversed and set aside, and it is now ordered that there be judgment condemning the defendant, Charles Leon, to pay to the plaintiff, Alex J. Parlongue, the sum of nine hundred and thirty-four and 70-100 dollars, with five per cent per annum interest, from February 21, 1925, till paid, and all costs of suit.

It is further ordered that the defendant's reconventional demand be rejected and dismissed at his cost in both courts.