## BIRDSALL, Curator, v. BEMISS et al.

The tortious conversion of the property of a succession by a commercial firm, will render
the members liable *in solido*.
Where the pleadings and evidence are too incomplete to enable the court to pronounce a
final judgment, the case may be remanded, with leave to the parties to amend.

BIRDSALL
v.
BEMISS.

APPEAL from the District Court of St. Mary, *Boyce*, J. *Dwight*, for the appellant. *Gibbon*, for the defendants. The judgment of the court was pronounced by

ROST, J. The plaintiff, in his capacity of curator of the estate of *Wm. S. Barr*, claims from the defendants the sum of $3,000, on account of acceptances and other obligations, as will be made to appear by reference to their books. The defendant *R. B. Brashear* alone answered, and filed a general denial. Judgment was rendered in his favor, and the plaintiff appealed. It has been stated in argument that the defendant *R. B. Brashear* was curator of *Barr's* succession, and that he took the notes and property of the succession, and put them into the firm of *Bemiss, Brashear & Co.*, of which he was a partner.

Under the view taken by this court, in the case of the *New Orleans Draining Company* v. *Lizardi et al.*, *ante* p. 281, the tortious conversion of succession property by the firm, would undoubtedly render the members of it liable *in solido* to the plaintiff. But the pleadings and evidence are too incomplete, to authorize us to render a final judgment. The petition gives no notice to the defendants of the nature of the claim, and he has not had a fair opportunity to disprove the grave charges which it implies. We think justice requires that this case should be remanded, with leave to both parties to amend.

The judgment is therefore reversed, and the case remanded for further proceedings, with leave to both parties to amend; the defendant and appellee paying the costs of this appeal.