No. 3480

Second Circuit

KING v. EMMONS

(March 12, 1929. Opinion and Decree.)

T. H. McGregor, of Rayville, and J. G. Gibbs, of Shreveport, attorneys for plaintiff, appellant.

R. A. Fraser, of Many, attorney for defendant, appellee.

STATEMENT OF THE CASE.

REYNOLDS, J. By this action the plaintiff, A. D. King, sought to obtain judgment against the defendant, W. I. Emmons, for $1075.65 with legal interest thereon from judicial demand for damage alleged to have been done to an automobile owned by him in a collision with a motor-truck and

trailer owned by defendant, and which collision, plaintiff alleged, was caused by the negligence of defendant's servant. The defendant denied the negligence alleged and alleged that the collision was caused solely by the negligence of the plaintiff.

On these issues the case was tried and there was judgment rejecting the plaintiff's demands and dismissing his suit and he appealed.

### OPINION.

Plaintiff was operating an automobile on the Jefferson Highway on his way from Keatchie to Shreveport at about fifteen minutes after eight o'clock in the evening on the 12th day of July, 1927, and ran the automobile into a motor-truck and trailer parked on the right hand side of the road in which plaintiff's car was moving, the motor-truck and trailer belonged to defendant and were operated by a servant of his. They were loaded with three pieces of heavy timber, one six by twelve inches in diameter and twenty-six feet long, and two either ten by twelve inches or ten by fourteen inches in diameter and fourteen feet long, and a joint of eight inch iron pipe and an iron apparatus called a swivel. The pieces of timber extended out beyond the floor of the trailer ten feet. The motor-truck and trailer had been stopped on the right hand side of the road for the purpose of making some minor repair and had no tail light. Plaintiff's automobile struck the protruding timbers. At the time of the collision plaintiff's car was moving at a speed of from eighteen to twenty miles an hour. At the place of the collision the highway is nineteen feet wide and the center of it is hard-surfaced or paved and on each side of the pavement or hard-surface is from six to eight inches of gravelled surface. The weather was good and the atmosphere clear and

there were no pedestrians or vehicles moving in the opposite direction to plaintiff on the other or left hand side of the road.

Plaintiff alleges that he came "suddenly and unexpectedly upon the motor truck and trailer and load of timbers."

The highway at the point of collision and for a half mile back in the direction from which plaintiff had come was straight and level.

Plaintiff was asked:

"I believe you allege in your petition that you did not see the truck until you struck the timbers?"

And he answered:

"Well, until I was just right on the timbers before I saw it."

He also testified that his automobile was in good shape and the headlights on it were all right.

Asked—

"Is it not a fact that your car and the glass were muddy, sprayed with water and mud?"

He replied:

"Well, I don't know that it was."

Plaintiff, in brief, says:

"At the outset, we wish to say that we recognize the fact that even though the driver of defendant's truck and trailer was unlawfully parked on the side of the highway, and plaintiff ought to have seen the obstruction and ought to have stopped before the collision, after all the testimony on both sides has been considered, then it was contributory negligence on the part of the plaintiff, and he should not recover."

We accept as correct this statement of the law applicable to the case, and it only remains to be determined whether the

plaintiff saw or could and should have seen the motor-truck and trailer in time to avoid colliding with them.

Plaintiff's own testimony shows that the headlights of his automobile were in good order and illuminated the roadway for a distance of fifty feet ahead of his car. According to defendant's evidence the headlights light up the roadway from fifty to seventy-five yards ahead of the car. The timbers extended ten feet beyond the end of the floor of the trailer. Even if the headlights lighted up the roadway for only fifty feet ahead of the car, had plaintiff been maintaining a proper lookout ahead of him he necessarily would have seen the trailer when forty feet from the rear end of the timbers and could have stopped his car or swerved it to his left before it reached the end of the timbers. There was no pedestrian or vehicle on the road to his left either coming behind him or coming toward him which would have prevented his passing the motor-car and trailer on his left hand side. And that plaintiff could have done this was shown by the testimony of Alonzo Moore who testified that he was travelling toward Shreveport in a Ford roadster and passed the parked motor-truck and trailer at a speed of twenty-five miles an hour and that he had no difficulty in seeing the motor-truck and trailer parked on the side of the road and passed them by turning his car to his left.

We are unable to reconcile plaintiff's statement that "well, until I was just right on the timbers before I saw it" with any theory that he was properly observing the condition of the roadway ahead of him.

Our learned brother of the lower court was of the opinion, from the physical facts, the evidence showed existed immediately after the collision, that plaintiff, was driving his car at a reckless speed; but whether that be so or not, and accepting his own statement that his car was moving at from eighteen to twenty miles an hour, we are of opinion that he could and should have seen the motor-truck and trailer in time to have stopped his car before colliding with it or have passed it to his left and that he was negligent in not doing so.

Plaintiff contends that the facts of the case take it out of the rule of law laid down by him and quoted by us above, but after carefully reading the record we are unable to see any distinction between this and other cases of its general class. And he also contends that the timbers extending beyond the end of the floor of the trailer were a menace to persons in automobiles coming up on them on the same side of the road. We think, though, that the ends of the timbers were sufficiently large to have been visible to plaintiff in ample time for him to have avoided the collision had he been properly observing the road ahead of his car.

And plaintiff points out the danger to travellers on the highway of such obstructions as that under consideration; and while agreeing with him that they are a menace to safety, we are also of the opinion that the driving of motor vehicles on public highways without their operators maintaining proper watchfulness of the road ahead of them is no less a menace to the safety of the public.

We find no error in the judgment appealed from, and accordingly it is affirmed.