POLLET v. ROBINSON LUMBER CO.

(May .27, 1929. Opinion and Decree.)

W. W. Wright, of New Orleans, attorney for plaintiff, appellant.

Warren V. Miller, of New Orleans, attorney for defendant, appellee.

JANVIER, J. Plaintiff alleges that he received injuries while driving his Ford automobile along the Jefferson Highway, after dark, on January 5, 1927. In his petition he avers that he was operating his car at a moderate rate of speed, that the lights were burning, and that, desiring to pass another automobile which was proceeding along the highway in front of him, he sounded his horn and then pulled slightly to the left to go around the other car. He then ·alleges that "as he attempted to straighten out on said road (he) discovered immediately in front of him a team of mules, harnessed but unhitched to any vehicle, one of which mules was being ridden and driven by a negro on the left hand side of said road in the direction of Baton Rouge, and at which point in said road said mules collided with petitioner's automobile with the result that petitioner's auto or car was overturned."

This petition was met by an exception of no cause of action, which the lower court correctly sustained.

Defendant was within his rights in driving his mules along the highway. No applicable law or municipal ordinance requires that mules not hitched to a vehicle shall be accompanied after dark by a light.

However, if it be held that to ride a mule along the highway without a light is negligence, even in the absence of a statute or an ordinance, still, under the jurisprudence of Louisiana, it is contributory negligence for a motorist to operate his car at such a speed, or in such a manner, that he cannot stop it within the distance illuminated by its lights. As this court said in Parlongue vs. Leon, 6 La. App. 18:

"One restriction on the speed of an automobile at night is that the chauffeur shall keep his car under such control and operate it at such speed only that he can stop his car and avoid an obstruction within the distance that the lights illuminate the highway."

In the case from which we have just quoted, the facts were that plaintiff had stopped his car along the highway for the purpose of making repairs. There were no lights on it and it was run into by defendant's car. In discussing the question of the proximate cause of the collision, the Court said:

"It is negligence to stop an automobile upon the highway after dark without headlights or back lights. But this negligence does not justify another automobile to run into it negligently, nor absolve it from responsibility if, by the use of ordinary care, the collision could have been avoided. The question whether the plaintiff had lights in front or the rear of his automobile at the time of the accident is asserted by plaintiff and denied by defendant. Assuming that the plaintiff had no lights at all, he can fail to recover only if defendant, in the absence of those lights, could not have avoided the collision by the exercise of proper care."

We call attention to the fact that in the above case the word "not," between the words "could" and "have," does not appear in the printed reports. It does appear, however, in the original opinion rendered, and without the decision is not understandable.

Conceding, then, arguendo, that the driver of the mules was negligent in not having a light on them, the contributory negligence of plaintiff himself was the proximate cause of the collision, because, had he had his car under such control as would have permitted his stopping it within the distance illuminated by his lights, the accident could not have occurred.

For these reasons, even if it be conceded that every allegation and every statement of fact in his petition is true, he could not recover, and no good purpose could be served by allowing the case to go to trial on the merits.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is affirmed, at the cost of appellant.