No. 606

First Circuit

———

FUTCH v. ADDISON ET AL.

———

(March 5, 1930. Opinion and Decree.)

———

Ellis, Ellis & Ellis, of Amite, attorneys for plaintiff, appellee.

A. L. Ponder, of Amite, attorney for defendant Richard Thompson, appellant.

ELLIOTT, J. Leroy Futch, accompanied by a young lady, and driving an automobile on the highway just south of Natalbany, ran head-on into the rear projecting end of two saw logs, one of them being about 14 feet and the other about 18 feet long, loaded on a trailer, receiving in the collision the severest kind of injuries. One of the logs projected out about 4 feet and the other about 8 feet behind the trailer. The accident occurred about 9:30 p. m. on November 29, 1928.

The truck which had been used to pull the logs, together with the trailer on which they were loaded, had been left on the highway by Bolivar Addison, defendant, since about 5 o'clock p. m. on the day mentioned. The truck, trailer, and logs, though mainly on the western side of the road, occupied it in fact nearly up to the middle of the way. No watchman was left with the truck to warn of its presence in the darkness. No lights of any kind were left or placed thereabouts to give notice of the danger.

Futch alleges that Bolivar Addison and Richard Thompson are commercial partners. He claims of them $3,500 in damages in solido on account of his injuries. There was judgment against them in solido for $1,500. Richard Thompson appealed.

Defendant Thompson argues that plaintiff was drunk, driving too fast, and not looking ahead, else he would have seen the truck and trailer with the logs on it in time to have passed around the obstruction.

The evidence shows that plaintiff was driving southward on the highway; he was not drinking, and was driving at a moderate speed. The obstruction was located 25 or 30 feet south of a bridge. The ground had been built up about 1½ or 2 feet at the approach to the bridge on each side. The bridge was not as wide as the roadway, and there were railings on each side of it. It also happened that, just as plaintiff reached the bridge, two automobiles were coming northward with glaring headlights; one of them was so near the bridge when plaintiff entered on it that it was necessary for it to slow down in order that plaintiff might get over the bridge before the one nearest entered on it. As plaintiff passed over the bridge, the other automobile, coming north, was about opposite the truck, and plaintiff had to swerve his car to the right as he crossed the bridge, in order to make way for it. The elevation of the road at the bridge, the railings at the ends of the bridge, together with the glaring lights on the two on-coming automobiles, all helped to hinder plaintiff from seeing the obstruction in the road ahead of him until he was, as he says, within 10 feet of it, and too close to avoid striking it head-on, as he did.

Leaving on the highway, unguarded and without lights, such a dangerous menace to everybody using the road after dark, was in violation of Act No. 296 of 1928, sec. 39. It was also such an act of inexcusable negligence that defendant's liability on account of having left it there is too plain for argument.

Both Addison and Thompson deny that they are partners, and Thompson urges that, even if they are partners, Addison left the truck on the highway; that he (Thompson) was not present when it was done, and is therefore not liable for the tort of his co-partner.

The evidence shows that Addison and Thompson were engaged at the time in

the business of buying standing timber, cutting it into saw logs, and selling and delivering the logs; the delivery being made by means of the truck and trailer which belonged to the partnership, and was operated by Addison in furtherance of the partnership business. The two logs on the trailer belonged to the partnership, and Addison was taking them, in the course of the partnership business, to be delivered to Natalbany Lumber Company, to which they had been sold.

Addison testified that, before he reached the place where the logs were to be delivered, his motor died, and he could not get the truck and the loaded trailer out of the road. He therefore left it at the place where it stopped and went to Independence to get a garage man to send his truck and pull the one in question out of the road. The accident to plaintiff happened while he was gone, engaged, he says, in an effort to get help to get the truck out of the road.

The trees that they bought, when cut into saw logs, became movable property. It was saw logs that they were engaged in selling and delivering. Their business made them commercial partners. Civ. Code, art. 2825.

The defendant contends that a member of a commercial partnership is not liable for a tort committed in his absence by his co-partner.

We find that they are liable in solido for the tort of one of the members of the firm, committed in the course of the transaction of the partnership business, as occurred in this case, although the other partner may not have been present. Birdsall vs. Bemiss, 2 La. Ann. 449; New Orleans Drainage Co. vs. De Lizardi, 2 La. Ann. 281; Baldey & Lightner vs. Brackenridge, 39 La. Ann. 660, 2 So. 410; Parsons on Partnership (4th Ed.), sec. 100, pp. ___; Ruling Case Law, vol. 20, subject: Partnership, sec. 126, p. 914.

The judgment appealed from is correct.

Judgment affirmed; defendant and appellant to pay the costs in both courts.

LECHE, J., not participating.