## THOMPSON v. BOURGEOIS.

### No. 1114.

Court of Appeal of Louisiana. First Circuit. March 7, 1933.

T. A. Edwards, of Lake Charles, for appellant.

Hawkins & Pickrel, of Lake Charles, for appellee.

Le BLANC, Judge.

This suit was brought as a result of a collision between two automobiles which took place on the Old Spanish Trail near the village of Iowa, fourteen miles east of Lake Charles, on the night of September 5, 1931.

Bourgeois, the defendant, had been to Lake Charles that afternoon and was returning to his home some fourteen miles east of the scene of the accident. The night was very dark and stormy. He had had some light trouble, all of the lights on his automobile going out at once. Instead of continuing on his journey, he turned around with the idea of going back to Iowa, where he intended to have his lights repaired. Thompson, the plaintiff, on his way from Franklin, La., to his home in Vinton, west of Lake Charles, was driving behind Bourgeois. Because of the rain, wind, and lightning, he had poor visibility at an appreciable distance ahead of him, and did not see defendant's car in front of him, without lights, in time to pass entirely clear of it on his left, and he ran into it, his right back fender striking the front left fender of the other car. His car was damaged considerably and he suffered personal injury according to the allegations of his petition. He sues for $1,000, of which amount, $424.85 is for the damage to his car and $575.15 is for the personal injuries he claims to have sustained.

Defendant admits the rainy and stormy condition of the night, and also that his car was, at the time of the collision, without lights. Nevertheless, he avers that plaintiff could easily have seen his car in the road, and had he had his own car under control, keeping a proper lookout ahead, and not have been driving at an excessive speed, could have stopped in time to avoid running into him. He claims that the defendant was negligent, and in a reconventional demand he seeks to obtain judgment against him for the damage to his car, amounting to the sum of $93.65, as he alleges.

After evidence had been taken, counsel for defendant filed an exception of no cause of action. In brief before this court, it is stated that the exception was overruled in the lower court. The minutes of the court, however, fail to show that any action whatever was taken, and we will therefore disregard it. Evidently, the judgment of the lower court being in favor of the plaintiff, the exception must not have been considered as having much merit.

The judgment allowed the plaintiff the amount claimed for the damage to his car only, the court finding that there was no testimony to support the claim for personal injuries. The defendant having appealed, plaintiff answered the appeal asking for an amendment of the judgment so as to include the demand for personal injuries as well.

In some respects the case might be considered from the same point of view as obtained in Futch v. Addison, 12 La. App. 535, 126 So. 590, Stafford v. Nelson, 15 La. App. 51, 130 So. 234, and Hanno v. Motor Lines, 17 La. App. 62, 134 So. 317, all decided by this court and referred to by the district judge in his written reasons for judgment herein. The important feature of the blinding and glaring headlights of an approaching car in those cases is absent, but the weather conditions existing in the present case may be said to have rendered the situation, as far as visibility is concerned, just as if not more acute. In this case, moreover, the proof is convinc-

ing that the plaintiff was traveling at a moderate rate of speed, a question which gave us perhaps the most concern in some of the cases cited. There is certainly no testimony to show here that the plaintiff was driving faster than twenty miles per hour. The fact that his car came to a stop in front of the defendant's does not, in our opinion, sustain a charge of fast driving, as from the way in which the impact took place, it seems clear that it was his effort to pass to the left of the car ahead of him that brought the plaintiff's car in front of the other when it came to a stop.

We agree with the district judge that there was no negligence on the part of the plaintiff and that he was as careful and prudent as the ordinary, average, and reasonable man would have been, driving under the conditions which prevailed that night.

The evidence, on the other hand, points to the lack of prudence of the defendant. Of course, he found himself in an emergency which offers a plausible excuse for his driving without lights on his automobile; but, as properly held by the trial judge, this cannot absolve him entirely from legal responsibility. It was his greater duty, under the circumstances, to take greater precaution for the safety of traffic on the road. The testimony shows that he was occupying, as he drove along, more of the paved surface of the road than he should have been under the existing conditions. Had he been to the extreme right of the road instead of only seven or eight inches from the stripe in the center of the pavement, as was shown, the chances are that the plaintiff would have cleared him entirely when he went to pass him on the left. His being on that part of the paved surface of the road, without any lights or other signal whatsoever, was the proximate cause of the accident, for which, as held by the district judge, he must answer for the damage that resulted to the plaintiff.

We agree also with the lower court that the personal injuries sustained by the plaintiff were of so slight a nature that they need not be considered.

The judgment appealed from is therefore affirmed.

ELLIOTT, Judge (dissenting).

As the Supreme Court refused to review the opinion in the case Hanno v. Motor Freight Lines, Inc., 17 La. App. 63, 134 So. 317 I at first felt that it was my duty to agree to an affirmance of the opinion and decree of the lower court, which is in harmony with the opinion of this court in the case cited; but I am satisfied the weight of authority in this state, even before the adoption of Act No. 296 of 1928, supports a different conclusion and that the plaintiff Thompson should not recover. The Act No. 21 of 1932 has supplanted the former act, but as the latter act did not take effect until January 1, 1933, the former act governs the present case and the sections 5 (a) and (b), 14 (a) and (b), 15 (a) and (b), 17 (a) and (b), 50 (a) and (b), and 52 (a) and (b) and (c) are particularly applicable and governing. These statutory provisions were intended to bring about greater safety in the use of the highways. The act served to reinforce the court decisions which in most jurisdictions had already held that a party driving an automobile or other motor vehicle on the highways of this state, after dark and during a rain or other abnormal conditions which prevents seeing ahead, except imperfectly and for a short time and distance, must be charged with knowing and understanding that the highways at such a time should be used with the greatest care and that automobiles driven thereon should be operated only at such speed and under such control that they may be stopped within the distance an object can be seen in the road ahead, in time to avoid striking it. Under conditions of the kind stated, danger ahead, due to vehicles that may be moving slow or which may be stopped in the road due to accident and unable to move out of the way of an on-coming and fast running automobile, may be reasonably looked for and apprehended; therefore the driver of the automobile must be required to guard against striking objects in the road, the presence of which may suddenly confront him. Unexpected dangers and hazards which may not be reasonably anticipated are excepted from the rule, but the danger which Thompson encountered as a result of the Bourgeois' automobile having no tail-light was in my opinion a danger that he should have looked for, apprehended, and been prepared for, by having his automobile in hand and moving at such speed that he could have stopped in time to have avoided striking the Bourgeois car.

Plaintiff says:

"Q. When did you first see the car? A. A second before it hit him I was right on him and I made for the left hand side of the road and in doing so I hit his left fender with my right fender. * * *

"Q. You did not see Mr. Bourgeois at ten feet from you? A. No Sir. When I saw him I hit him I tried to pull to the center and in so doing my right fender hit his left fender bottom."

If it is so a party driving on the highway cannot see at all, he should stop and everybody else should do likewise, until it becomes so that they can see in the road ahead. I submit that the following opinions are in principle opposed to the opinion in the present case: Kelly v. Schmidt & Zeigler, 142 La. 91, 76 So. 250; Southall v. Smith, 151 La. 967, 92 So. 402, 27 A. L. R. 1194; Castille v. Richard, 157 La. 274, 102 So. 398, 37 A. L. R. 586; Woodley & Collins v. Schusters' Wholesale Co., 170 La. 527, 128 So. 469; Par-

longue v. Leon, 6 La. App. 18; Pepper v. Walsworth, 6 La. App. 610; Ward v. Donahue, 8 La. App. 335; King v. Emmons, 10 La. App. 205, 120 So. 648; Pollet v. Robinson Lumber Co., 10 La. App. 760, 123 So. 155; Kern v. Knight, etc., 13 La. App. 194, 127 So. 133; Dominick v. Haynes Bros., 13 La. App. 434, 127 So. 31; Krousel v. Thieme, 13 La. App. 680, 128 So. 670; Raziano v. Trauth, 15 La. App. 650, 131 So. 212; Woodley & Collins v. Schuster's Wholesale Grocery Co., 12 La. App. 467, 124 So. 559; Safety Tire Service, Inc., v. Murov, 19 La. App. 663, 140 So. 879; In the cases 13 La. App. 434, 127 So. 31, and 19 La. App. 663, 140 So. 879, writs of review were applied for and refused.

In Blackburn v. R. R. Co., 144 La. 520, 80 So. 708, it was held that a train must be operated at such speed at a place where objects on the track may be reasonably expected, looked for, and apprehended, that it can be stopped within the distance an object, such as a man lying on the track ahead of the train, can be seen in time to stop and avoid striking him. In the case just mentioned the train was being operated in the daytime when the view ahead was clear. If it had been at night, then the rule would apply to a train only in case, after the object was seen, the train could be stopped.

I think the weight of authority is such that our opinion should conform thereto. Under the preponderance of opinion Thompson was guilty of contributory negligence of such nature and kind that his negligence helped bring about the collision. I think the judgment appealed from should be reversed and his demand rejected.