## MEREDITH v. KIDD.
### No. 4510.

Court of Appeal of Louisiana. Second Circuit.
April 28, 1933.

540

Cas Moss, of Winnfield, for appellant.

Vinson M. Mouser and W. H. Mecom, both of Columbia, for appellee.

MILLS, Judge.

This suit is brought to recover $366.54 for damages occasioned by a collision on the night of January 12, 1932, between an automobile driven by defendant and a vehicle and livestock belonging to plaintiff.

The facts as clearly and correctly stated in the written opinion of the trial judge are:

"This is a suit brought by plaintiff for the recovery of some Three Hundred Sixty-Six Dollars and Fifty-Four cents ($366.54) for alleged damages which are claimed by reason of the loss of two mules, some hogs, and damage to a trailer, all as set out in the petition, and alleging that the defendant, C. C. Kidd, occasioned said damages by running into the horse-drawn trailer of petitioner to which were tied the two mules killed, together with two horses also affixed to said trailer.

"It appears that the petitioner was moving his livestock out of the overflowed district of the Ouachita River, and that he had placed in charge of said horse-drawn vehicle a negro employee who was moving said stock down the paved highway some two or three miles south of Columbia, in the night time, when this wreck occurred. The proof in the case shows that the two mules were tied behind the trailer with rope estimated at about three feet long by plaintiff's witnesses and estimated at some eight or ten feet long by defendant's witnesses. The defendant, Kidd, was proceeding south on the highway in a new Buick Sedan, which he stated had been run only about four hundred (400) miles. It seems that just at the moment before the impact, Kidd was blinded by the bright lights of another automobile that was meeting him and proceeding toward the town of Columbia, and that at the point of passing and at the scene of the accident, the road was straight for a considerable distance, and that the road was level up to the point in proximity to the accident but that at the point of the accident there was a slight down-grade going south, and making a very slight bump or hill, as it were, in the contour of the road. Kidd says that just as he passed the car with the bright lights, the trailer with the mules tied behind it suddenly loomed up in his path, and that he swerved sharply to the left of the mules, but that one of the mules swung around toward or past the center of the road in the path of his car, and that he collided with this mule and killed it and struck another mule a glancing blow from which it died a short time later. The trailer was being pulled by one horse between shafts attached to it, and the impact caused the vehicle to quit the roadway some fifty feet below where it was struck, and that the crate, or box, holding the hogs turned over and the hogs eventually got out and strayed off.

"The speed of Kidd's car is estimated by Kidd at from thirty to forty miles per hour. He says that it was not supposed to be more than thirty-five miles due to breaking in his new car, and it could not have been over forty. The testimony shows that a lantern was procured by the plaintiff and given to the darky to be lighted and attached to the rear of the trailer when he started out. The negro says that he lighted the lantern and hung it on the rear of the trailer, but it interfered with the mules and he took it down and placed it on the front end of the trailer, tying it to the rod of the end-gate and letting it swing down lower than the wagon bed so that it could be seen from the rear. The defendant says there was no lantern visible from the rear as required by law.

"The sole question to be determined is whether or not defendant was negligent, and if so, whether or not plaintiff was contributorily negligent, and if so, to such extent as to bar recovery. I find from the evidence that the defendant was negligent in not reducing his speed below thirty miles per hour upon being blinded by the bright lights. Under the uniform jurisprudence of this subject in this State I do not think that this question is now open to controversy.

"Having found that no red light was visible from the rear of the trailer, I find that the plaintiff was negligent in that he violated an express provision of the road law which requires such red light.

"Having found both plaintiff and defendant negligent, the question then presents itself as to whether the negligence of the plaintiff was one of the proximate causes of the injury, and if so, if it was sufficient to bar plaintiff's recovery."

After reviewing the authorities, plaintiff's demand was rejected, the court holding:

"I am holding that the defendant was negligent in not reducing his speed to come within the legal restrictions, so that if faced with an emergency he could stop within his range

of vision. I am not prepared in this holding, to go so far as to award plaintiff, who was likewise negligent and whose negligence I believe was one of the proximate causes of this collision to mulch the defendant in damages in spite of the fact of his contributory negligence, but I believe it to be a universal ruling of law that contributory negligence as shown in this case is sufficient to bar recovery."

We agree entirely with the trial judge as to his finding that both parties were negligent, but cannot concur in his conclusion that plaintiff's failure to show a light on the rear of his vehicle was a proximate cause of the accident.

The two mules killed were not hitched to or engaged in hauling the vehicle. They were being led along the highway by means of ropes tied to its rear. We think they were in the same situation as if being led or driven in any other way, and that liability as to them depends upon the law governing live stock upon a highway rather than vehicles.

We find the law to be: "In the absence of statute or ordinance it is not negligence to ride or drive animals not hitched to a vehicle along the highway after dark without a light." Huddy's Cyc. of Automobile Law, vols. 5, 6, § 24, p. 395; Pollet v. Robinson Lbr. Co., 10 La. App. 760, 123 So. 155; Pepper v. Walsworth, 6 La. App. 610.

We think the word "hitched" means harnessed for the purpose of hauling and not merely tied.

Plaintiff, then, is entitled to recover the fair value of the mules at the time of their destruction.

As to the vehicle, also we think a rule different from that adopted by the trial judge should apply. He correctly found that defendant was negligent in not stopping or slowing down to a speed where he could meet any emergency when blinded by the lights of the approaching automobile; also that plaintiff was negligent in not equipping his vehicle with a proper light properly placed. Section 50, subsec. (g), Act No. 296 of 1928.

Plaintiff's negligence can only bar his recovery when it is a proximate cause of the accident.

That question in the present case is squarely decided by this court in the case of Pepper v. Walsworth, cited supra, wherein the facts were almost identical, and wherein the court said: "The rule that a person driving an automobile at night, who finds himself blinded by the lights of an approaching car must slacken his speed and have his car under such control that he could stop it immediately if necessary to avoid striking those rightfully in the road ahead of him, is sanctioned by the courts of last resort in every state of the Union where the question has been raised. See cases reported and note following them in: [Woodhead v. Wilkinson, 181 Cal. 599, 185 P. 851] 10 A. L. R. 291, [Mathers v. Botsford, 86 Fla. 40, 97 So. 282], 32 A. L. R. 881, [Hatzakorzian v. Rucker-Fuller Desk Co., 197 Cal. 82, 239 P. 709], 41 A. L. R. 1027. In the case at bar it is perfectly apparent that it was not the absence of a tail-light on plaintiff's car which brought about the collision but, on the contrary, it was caused by the fact that the driver of defendant's car was so blinded by the glare of the bright lights of the car approaching from the other direction that he could not see ahead of him."

The court in the quoted case conceded the negligence of plaintiff in failing to have lights, but held this negligence was not a proximate cause of the collision; that contributory negligence, in order to bar recovery in an action for damages, must have in it the element of being the proximate, not the remote, cause from which the accident or injury resulted.

The burden of alleging and proving contributory negligence is upon the defendant. It is properly pleaded in this case, and it is true that defendant might have seen a red light had one been upon the rear of the trailer, even though the bodies of the mules were interposed and the approaching lights blinded him. This, however, is only a possibility, not rendered probable by the proof offered. Thompson v. Bourgeois (La. App.) 146 So. 708.

Following the above jurisprudence, we find that plaintiff should also recover for the damages to the vehicle and those reasonably resulting from its demolition.

The damages claimed are itemized as follows:

| | |
|---|---|
| Killing two mules | $300.00 |
| Damage to trailer | 21.04 |
| Expense to get new wheel for trailer | 3.00 |
| Expense to find and get up fourteen head of hogs | 10.00 |
| One hog lost | 2.50 |
| Time and expense incurred to buy pair of mules to replace the pair of mules killed, five days and expenses | 25.00 |
| Clearing up wreck and getting tractor and horses to Standard, La. | 5.00 |

Plaintiff had purchased the mules, unbroken, some months prior to the accident, and had himself broken them. He claims that this had enhanced their value to the amount claimed. A dealer in mules placed upon the stand to prove this, surprisingly refused to say that young mules would bring a better price after breaking. He testified, rather, that many buyers preferred to purchase them unbroken so that they could be trained to their particular use. We think it plain that

for general purposes a broken mule is more valuable and salable than one with its well-known natural tendencies uncurbed by education. We conclude that $200 is a fair allowance for the mules. The lower court properly excluded testimony to support the $25 claim for expense incurred and time spent in acquiring a new pair of mules. The other items we think were sufficiently proven.

There is some testimony to the effect that, after the trailer was knocked into the ditch, the hogs confined in its body continued to sleep peacefully on, and that the negro in charge was at fault in permitting them to escape. We think their liberation is more reasonably attributable to the accident.

The judgment of the lower court is accordingly reversed, and judgment is now rendered in favor of plaintiff and against defendant in the full sum of $241.54, with 5 per cent. per annum interest thereon from date of this judgment, as prayed for, until paid; defendant to pay all costs of both courts.