**ARBO v. SCHULZE et al.** *

No. 16648.

Court of Appeal of Louisiana. Orleans.

April 19, 1937.

*Rehearing denied May 17, 1937.

Robert E. Baird, of New Orleans, for appellant.

Henriques & Mayo, of New Orleans, for appellees.

WESTERFIELD, Judge.

This is an appeal from a judgment maintaining an exception of no cause of action. The plaintiff, Albert Arbo, Jr., alleges that on August 3, 1936, about 8:30 p. m. he was driving his Ford coach on Cohn street "with his automobile headlights burning and when passing the house known and designated as 9010 Cohn Street, he collided with the right rear end of the Chevrolet 1½ ton truck owned by the first named defendant herein, Rudolph Schulze, and in so doing suffered a compound fracture of his left forearm between the wrist and the elbow"; that he was traveling on the right or proper side of Cohn street at a speed

not exceeding ten or twelve miles an hour, keeping a careful lookout and exercising all proper precaution; and that the accident was due to the presence of the truck which was parked on the wrong or left side of the street, without lights and at an angle, the rear of which extended more than one-half the distance across the street. He concludes with a prayer for judgment for $9,336 against Rudolph Schulze, the owner of the truck, and his insurance carrier, the New Amsterdam Casualty Company of New York, in solido.

To this petition the defendants filed an exception of no right or cause of action which was maintained and plaintiff's suit ordered dismissed. On application for a new trial the judgment was amended to the extent of permitting plaintiff to file a supplemental petition. In the supplemental petition the allegations of the original petition were amplified by the statement that Cohn street was uneven, rough, and pitted with holes in the vicinity of the accident; that plaintiff had entered Cohn street from Holly Grove street and in turning into Cohn street his headlights did not illuminate that street until he had traveled about twenty feet thereon, due to the fact that the headlights of his car would not focus directly up Cohn street until he had straightened out his car, at which time the truck was fifty feet or less away. It is also alleged that the front wheels of the truck were parked on lower ground than the rear wheels causing the rear portion of the truck to be higher from the surface of the road than it would have been had all four wheels of the truck been parked upon an uniform level; that the body of the truck was constructed of framework which projected five or six feet beyond the rear axle.

■ Where an exception of no cause of action has been filed and the petition alleges a state of facts clearly indicating that plaintiff was guilty of contributory negligence, the exception should be maintained. Gibbs v. Illinois Central Railroad Co., 169 La. 450, 457, 125 So. 445; Chargois v. Morgan's Louisiana & Tex. R. & S. S. Co., 148 La. 637, 87 So. 499.

■ The suit as originally filed unquestionably came within the rule announced in the following cases to the effect that the driver of an automobile is negligent if unable to stop his car within the range of his vision. Raziano v. Trauth, 15 La.App. 650, 131 So. 212; King v. Emmons, 10 La.App. 204, 120 So. 648; Goodwin v. Theriot et al. (La.App.) 165 So. 342.

In O'Rourke v. McConaughey, 157 So. 598, 606 we said:

"The driver of an automobile has no right to assume that the road before him is open and to proceed ahead without regard to the safety of those who may be thereon. * * * While under certain circumstances creating an emergency the rule may be different, there is little or no excuse for running into a stationary object, particularly one which has been stationary for some time before the collision, whether it be daylight or dark, clear or foggy, misty or rainy."

It is contended on behalf of the plaintiff that the allegations of the supplemental petition make out a case which is an exception to this rule. It is said that because the lights on plaintiff's car did not illumine the road before him until after he had completed the turn from Holly Grove street into Cohn street when the truck was only fifty feet away, and because the truck was not parked on level ground but in an unusual position, and its body composed of framework affording less than the usual degree of visibility, this case may be distinguished from those which come within the doctrine of Raziano v. Trauth and other cases cited. In other words, it is claimed that a special emergency confronted plaintiff which prevented him seeing the truck in time to avoid colliding with it notwithstanding all proper caution.

It is doubtless true that in making the turn into Cohn Street the headlights of plaintiff's Ford did not illumine the road in front of him until the turn had been completed, but that fact should have been considered and proper precaution exercised during the short period of semi-darkness. The truck is alleged to have been seventy feet from the corner of Holly Grove street, and plaintiff alleges he saw it when fifty feet away when his speed was not more than twelve miles per hour. No matter how it was parked or of what material constructed, the truck was far enough away when he saw it to enable plaintiff to avoid striking it. If the truck was only partially revealed or but dimly perceived, there was the more reason for caution on plaintiff's part. He saw an object directly in his path, and if its outline or dimensions appeared uncertain he should have slowed down, or, if necessary, stopped, in order to ascertain its extent and location, before attempting to pass. If

the roadway was narrow, as alleged, there was an additional reason for caution.

The petition charges many acts of negligence against the defendant Schulze, such as parking on a highway on the wrong side of the road and without lights, but it also alleges facts which make out a clear case of contributory negligence on plaintiff's part. The negligence of defendant Schulze is, under the circumstances, of no importance because no recovery can be had for the result of an accident due to the negligence of both plaintiff and defendant.

In Parlongue v. Leon, 6 La.App. 18, quoted in Raziano v. Trauth, supra, it was said:

"It is negligence to stop an automobile upon the highway after dark without headlights or back lights. But this negligence does not justify another automobile to run into it negligently, nor absolve it from responsibility if, by the use of ordinary care, the collision could have been avoided. The question whether the plaintiff had lights in front or the rear of his automobile at the time of the accident is asserted by the plaintiff and denied by the defendant. Assuming that the plaintiff had no lights at all, he can fail to recover only if defendant, in the absence of those lights, could [not] have avoided the collision by the exercise of proper care."

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.