For convenience the parties will be referred to as in the court below, Arlie H. Fortune, plaintiff, and Thomas A. McGinn, the Memphis Street Railway Company, and Wesley Tyler, defendants.
Plaintiff sued the defendants in an action for personal injuries resulting from the alleged joint negligence of the defendants for damages sustained by plaintiff in a collision with the automobile owned and operated by the defendant Thomas A. McGinn.
The declaration is in three counts. By the first count common law negligence is charged. By all three counts of the declaration it is averred that plaintiff was in the employ of the defendant Memphis Street Railway Company as a bus driver; that on June 10, 1937, the accident occurred at or near the intersection of Highland and Poplar Streets in the City of Memphis; that the bus which plaintiff was driving at the time of the accident was one of the buses owned by the Memphis Street Railway Company and operated by it on the streets and highways in the city of Memphis; that plaintiff left the bus station or garage to go out on his regular route about 3 o'clock on the morning of June 10, 1937; that he was travelling West on Poplar Street when the rear end of the bus he was driving collided with the automobile owned and driven by McGinn, which automobile was headed West.
The declaration avers that the bus furnished plaintiff by the defendant Memphis Street Railway Company was supposed to have been thoroughly inspected by the defendant Wesley Tyler, an employee of the Memphis Street Railway Company, before it was sent out on its regular route; that the tires on the bus were old and the treads were worn smooth, and that this was known or should have been known to the defendant Memphis Street Railway Company, and the said inspector; that plaintiff did not have opportunity or occasion to examine the tires; that he had not driven this particular bus the day before; that no particular bus or buses were assigned to the particular drivers until they would go to the garage to start; that he did not know of the worn condition of the tires with which the bus he was driving was equipped until the happening of the accident. It was further averred that it had been raining from the time he took the bus out for the regular trip until the time of the accident; that at and before the time of the accident occurred it was raining very hard, rendering visibility poor; that he was driving the bus at about 15 to 20 miles an hour at and before the time of the accident. It was further averred *Page 507 
that the automobile owned and driven by the defendant McGinn was parked near the center of the travelled portion of Poplar Street, without any lights either on the front or the rear of the parked car; that because of the hard rain he did not discover that the car was parked until he was within 35 or 40 feet of the parked car; that he promptly applied the brakes with which the bus was equipped and swerved to the left in an effort to avoid the collision with the parked automobile, but that when he applied the brakes the bus began to skid and the rear end of the bus, by reason of the skidding, was thrown against the parked automobile, causing plaintiff to lose control of the bus, and that it ran off of the street and into a side ditch and into a telephone pole, resulting in the injuries sustained by plaintiff and for which he sued.
By the second count of the declaration plaintiff plead the Tennessee statutes, and by the third count he specially plead certain city ordinances then in force in the City of Memphis; and the violation by defendants of said state statutes and the city ordinances. It was further averred in all counts of the declaration that at the time of the accident he was driving the bus carefully and at a moderate rate of speed and was not himself guilty of any negligence. It was averred in all counts of the declaration that the worn tires with which the bus was equipped caused the bus to skid when he applied the brakes; that the defendant McGinn was guilty of proximate negligence in parking the automobile near the center of the street without any lights; that there was a space of 15 or 20 feet referred to as the shoulder of the street or highway on the North side, and on which the defendant McGinn could have parked the automobile. He charged that the defendant Tyler was guilty of negligence in not properly inspecting the bus before it left the garage or station, and in permitting the same to go out on its regular run or route with the worn and defective tires.
All of the defendants filed pleas of the general issue of not guilty, and also plead contributory negligence upon the part of plaintiff; and further plead that the defendants were not guilty of any negligence, and that the accident was the result of the sole negligence of plaintiff, in the way and manner he was driving the bus at and before the time of the accident. The defendants, on the written motion of plaintiff, were required to plead their defenses specially and specifically, and the defendants, by directing of the court, filed special pleas setting out in detail the acts of negligence of plaintiff. The defendants Wesley Tyler by his plea denied that he was in the employ of the Memphis Street Railway Company or that he had inspected, or that he owed any duty, either to the Memphis Street Railway Company or to plaintiff to make any inspection of the bus. The defendant McGinn specially plead that by reason of the hard rain the motor of his car became drowned and that he was unable to move the car *Page 508 
either direction. He further averred in his special plea that Poplar Street carried four lines of vehicular traffic; that he was traveling West on the North line of traffic when his car stopped by reason of the defect over which he had no control, and that he could not move it out of the lane of traffic onto the shoulder of the street. He further averred by said plea that the accident occurred about 7:30 o'clock on the morning of June 10, at least two hours after sunup. He admitted that it was raining at the time, but denied that the state statute and city ordinances relied upon by plaintiff required him to have any lights at that time of day, even though it was cloudy and raining, and denied that the state statute requiring that he stop or park his car on the shoulder of the highway applied where he was rendered unable to move the car after it stopped because of the defects over which he had no control.
The defendant Memphis Street Railway Company was permitted to file a further plea to the declaration and by which it was averred that at the time of the accident, the Memphis Street Railway Company had entered into a contract with the Amalgamated Association of Street and Electric Railway Employees of America, Division 713, Section 3, for the use and benefit of the plaintiff, and under the terms of which as set forth in said contract, plaintiff by and through said Association agreed to submit to arbitration any grievance or complaint between the said defendant and any of its Street Railway Employees and members of said Association; that subsequent to the accident, and on the 14th day of July, 1937, said Association and the plaintiff, a member of the Association, submitted in writing the controversy to the Board of Arbitration; that said contract between the Association and the Memphis Street Railway Company also provides that the written decisions of said Board of Arbitration should become binding upon both parties to the controversy; that said Board had decided the controversy in favor of the defendant Memphis Street Railway Company, holding that the accident was the result of the negligence of plaintiff.
It was further averred by the plea that plaintiff having elected to submit the question to arbitration by said Board, the finding by said Board was binding and conclusive against plaintiff, and that plaintiff was therefore estopped by reason thereof.
After this special plea was filed and before the cause came on to be tried, plaintiff moved to strike this special plea and requested a prompt ruling on his motion. The trial judge declined to dispose of the motion to strike at that time, but stated that it would be disposed of at the hearing of the cause. At the hearing of the cause, the defendant Memphis Street Railway Company sought to read or to prove said arbitration agreement and the decision of the Arbitration Board, in evidence. This was objected to by plaintiff, and the motion to strike the plea from the record renewed. This motion was sustained by the trial judge. *Page 509 
We mention this matter at this time and with detail, because the action of the trial judge in waiting until the trial of the cause to dispose of the motion is made the basis of certain assignments of error by appellant on this appeal, and on the theory that the jury got the benefit of said ruling, by a statement made in the presence of the jury and the court when the attorneys for the respective parties were requested by the court to state their respective contentions. This will be later adverted to.
The cause was tried to a jury and the trial judge. At the conclusion of plaintiff's evidence each of the three defendants moved the court for a directed verdict in their favor, respectively. At this point plaintiff took a non suit as to the defendant Wesley Tyler. The respective motions by the two remaining defendants for directed verdicts in their favor were sustained by the trial judge, and the suit dismissed at the cost of plaintiff. A motion for a new trial by plaintiff was overruled, and from the action of the court in directing a verdict in favor of the defendants, and in overruling plaintiff's motion for a new trial, plaintiff has appealed in error to this court, and has assigned numerous errors.
Several of the assignments of error concern the defendant Memphis Street Railway Company, while others concern the defendant Thomas A. McGinn, and hence they will be treated and discussed without reference to the order in which they are made.
On the question of the action of the trial judge in declining to pass upon the motion to strike the special plea with respect to the arbitration made until the trial of the cause, we can not see that appellant is in any position to complain. The court disposed of that matter in favor of the plaintiff by sustaining his motion to strike and excluded the same as evidence. Nor can we see that plaintiff was in any way prejudiced by the court delaying action on the motion to strike. Appellant contends that the statement made by the attorney for the Memphis Street Railway Company concerning the arbitration in the presence of the jury was prejudicial, even though the court sustained the motion to strike and the objection to its being read in evidence. The action of the court in sustaining the motion of the defendants for directed verdicts had the effect of taking the entire case from the jury and therefore no prejudice could have resulted. The assignments of error presenting this question are accordingly overruled.
Other assignments of error are directed to the action of the court in excluding the evidence of one Hackey, referred to as an expert on automobile tires and the effect of automobile tires worn smooth from use on causing a bus to skid. The assignments of error presenting this question must also be overruled because the bill of exceptions does not show what this witness would have testified to. He was not examined before the court in the absence of the jury. *Page 510 
When the objection was made to that line of evidence and the objection sustained, the record does not show what the answers or testimony of the witness would have been. We are further of the opinion that there was no error in the action of the trial judge in excluding any testimony that this witness gave. However, for the reasons stated above, the assignments of error on this question are overruled.
The only real questions presented by the assignments of error to be determined on this appeal are whether or not there was any material evidence tending to show negligence upon the part of either of the defendants under the facts as disclosed by plaintiff's proof, and, second, whether or not the plaintiff was guilty of proximate negligence in the way and manner that he was driving the bus at the time of the accident. This, of course, requires a consideration by this court of the evidence introduced by plaintiff.
It appears without conflict in the evidence that plaintiff was employed by the Memphis Street Railway Company as one of its bus drivers; that no particular bus or route was assigned to the different employee drivers. When the drivers went to the garage or station the particular bus and the particular route for that day would be assigned; that plaintiff was assigned to the bus involved in the accident. He took the bus out on the route assigned to him about 3 o'clock on the morning of June 10, 1937. He had made one trip over the route and was returning from the second trip when the accident occurred. He was driving West on Poplar Street, or Highway. This was a four lane traffic street, each lane being 9 feet wide with a marked line separating the traffic lanes. He was driving in the outside lane of traffic, which was the right hand side of the street going West. It had been raining during the early morning and at the time of the accident it was raining very hard and the visibility was not at all good. The bus which he was driving was equipped with a windshield wiper and also lights. The windshield wiper was in operation at and before the time of the accident, and the headlights were burning on the bus. There were two passengers seated in the rear of the bus at the time of the accident.
Plaintiff admitted on cross-examination that he could see the automobile for some distance; that he could see it about 200 feet or more. He also testified on cross-examination that he did not discover that the automobile was standing parked on the street until he was within 35 or 40 feet of the parked car; that when he made the discovery that it was standing and not running, he applied his brakes and swerved the bus to the left; that because of the worn condition of the tires the bus skidded when he applied the brakes and the rear end of the bus collided with the automobile, and that he then lost control of the bus and it ran off the street into a ditch "side-swiping" a telephone pole; that the bus ran some 35 or 40 steps after the collision *Page 511 
and before it was brought to a stop. He testified as to the nature and extent of the injuries he received by reason of the accident.
He admitted on cross-examination that he could have seen whether the car was standing still or moving forward from a distance of 100 feet. When asked on cross-examination why he did not then begin to decrease his speed and to gradually turn the bus to the left so as pass the car, he testified that he thought he had the bus under sufficient control, considering the rate of speed at which he was driving about 20 miles an hour, so as to safely pass the car to the left. He also testified that the pavement was wet from the time he took the bus out, and although he had made several stops before the collision occurred, the bus had not skidded at any time before he applied the brakes and swerved the bus in an effort to pass the standing automobile of McGinn. He testified that after the accident occurred he then saw that the treads on the tires of the bus were worn smooth; but that he had not made this discovery before the accident.
Other witnesses were introduced who testified that they were standing in front of a filling station and saw the collision; that the automobile of McGinn was standing in the North traffic lane, and that it was raining very hard at the time. One of the witnesses, an attendant at the filling station or garage, testified that he saw McGinn waving his arm from the car window for assistance from the garage.
It appears that after the accident occurred plaintiff in company with a police officer went to Police Headquarters to make a report of the accident, and also filed a report with the defendant Memphis Street Railway Company. He was asked on cross-examination if, immediately after the accident occurred, McGinn told him that his engine had drowned out or been killed because of the hard rain and that he could not therefore move the car. Objection was made to this evidence and the objection sustained. He was asked to examine the report that he made with respect to the accident. He was then questioned with reference to the report that he made at Police Headquarters tending to show that the automobile was standing in the street because of the heavy rain having drowned the motor.
We think that the above is a fair statement of the material facts, and upon which the questions made on this appeal must be determined.
It is too well settled to require the citation of authorities that if there is any material evidence to support a verdict in favor of plaintiff, when considered most favorably to plaintiff's contentions, that it becomes a question of fact to be submitted to the jury under proper instructions. It is equally well settled in this state that where there is no conflict in the evidence, when considered most favorably to plaintiff's case, it either appears that the defendants were not guilty of any negligence, and that reasonable minds could reach but one conclusion, it then becomes a question of law for the court; or if there is some material evidence showing negligence upon the part of the *Page 512 
defendant, but it also appears that the plaintiff was guilty of proximate contributory negligence, when the evidence is considered most favorably to plaintiff's contention, and reasonable minds could not disagree, the question of contributory negligence then becomes a question of law for the determination of the court, and not a question of fact to be submitted to the jury. These two propositions have been so frequently before the courts of this state and other jurisdictions and are so well settled that it would but further burden this opinion by citing and discussing the cases so holding. After all, the questions must be answered under the peculiar facts of each case.
If it be admitted and conceded that there was material evidence to show that the defendant Memphis Street Railway Company was guilty of proximate negligence in sending the bus out with worn tires, where the treads on the tires had become smooth from wear and use, or that there was sufficient evidence to warrant the submission of the question to the jury, we can not escape the conclusion that under plaintiff's evidence, he was guilty of proximate contributory negligence in the way and manner that he operated the bus after the automobile came in view. He saw the automobile when he was about 200 feet from it. He admitted that even under the conditions that then obtained he could have discovered that it was standing in the street when he was about 100 feet away from it. He testified that he did not start to turn the bus so as to avoid running into the parked automobile until he was within 35 or 40 feet of the parked automobile. He explained that he did not begin to slacken the speed or to turn to the left so as to pass the car because he thought he had the bus under sufficient control to wait until he got within 35 or 40 feet of the parked car before applying the brakes or attempting to pass the car.
The record shows without conflict in the evidence that the car was parked on the North lane of traffic and at most not more than 2 feet south of the mark separating the lanes, which would have left on the paved portion of the street a space of 24 or 25 feet. Plaintiff admits that there were no other cars either to his rear or in front of him, and that the street was otherwise clear of traffic at that point at the time of the collision.
We can not escape the conclusion that the failure of plaintiff to slow down the bus when he was at a point about 100 feet from the car, when he could have discovered that it was standing still, he could have easily passed this car without the slightest difficulty or danger, constituted negligence on his part. We think the evidence shows conclusively that by waiting until he was so close to the parked automobile that it required applying the brakes of the bus as he swerved to his left, was one of the proximate causes, if not the sole cause, of the collision. We do not think that reasonable minds could have reasonably reached any other conclusion under the undisputed facts and admissions made by plaintiff as a witness in his own behalf. *Page 513 
He had made several stops of the bus under the same conditions, when the pavement was wet, without experiencing any difficulty whatever in bringing the bus to a stop. It is evident that if he had started applying his brakes more gradually and to turn his bus to the left when he first saw that the automobile was standing, which was about 100 feet according to plaintiff's own testimony, he could have passed the parked automobile with perfect safety. We think this is the only conclusion to be reached, and especially in the light of the fact that he had made the several stops under practically the same conditions before the accident occurred.
We are of the opinion that the evidence sufficiently reflects that the parked automobile had stopped because of the defect resulting from the heavy rain and the drowning of the motor. But independent of that, and if it be conceded that it was negligence on the part of the defendant McGuinn to have brought the automobile to a stop and left it standing in the North lane of traffic, and that he was in violation of both the state law and the city ordinances with reference to parking an automobile on the streets, it would not constitute the proximate cause of the accident. Nor do we think that the city ordinance and the state statute requiring the headlights and taillight on an automobile parked in the street applies to the parking of an automobile in the day time. Seven thirty o'clock in the morning of June 10, which was near the longest day in the year, is at least two hours after sunup. While the record shows that it was raining very hard at and before the time of the accident, and that it was a dark, cloudy day, yet it also appears that the visibility was not so bad that plaintiff did not see and observe the McGinn automobile when he was at least 200 feet away from it, and according to his own admission he saw or could have seen that it was standing and parked when he was about 100 feet away from it.
This is purely a fact case. The principles of law, as above stated, applicable are too well settled to require the citation of authorities. It simply resolves itself into this, that if, under the evidence when considered most favorably to plaintiff's contention, plaintiff was guilty of proximate contributory negligence, and that as to this reasonable minds could not reasonably disagree, it was the duty of the court to sustain the motions for directed verdict.
For the reasons above set forth, and from the facts as shown by the evidence, we are of the opinion that there was no error in the action of the learned trial judge in sustaining both motions for directed verdicts in favor of both defendants.
It results that the assignments of error are overruled and the judgment of the lower court is accordingly affirmed. The cost of this appeal will be paid by appellant who has appealed in forma pauperis.
Anderson and Ketchum, JJ., concur. *Page 514