HAYES ALLEN, APPELLEE, V. ARTHUR KAVANAUGH, APPELLANT.
71 N. W. 2d 119

Filed June 24, 1955. No. 33760.

*Hubka & Hubka,* for appellant.

*Robert S. Finn,* for appellee.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ., and FLORY, District Judge.

SIMMONS, C. J.

This is an action for property damage resulting from the collision of two automobiles. Plaintiff pleaded that the sole and proximate cause of the collision was the negligence of the defendant. Defendant pleaded that the negligence of plaintiff caused the accident.

Trial was had. At the close of plaintiff's case-in-chief, and at the close of all evidence, defendant moved for a directed verdict. The motions were overruled.

The trial court submitted the cause to the jury upon issues of negligence of the defendant and proximate cause, and upon the issue of contributory negligence. The jury returned a verdict for the plaintiff upon which judgment was rendered. The defendant filed a motion for judgment notwithstanding the verdict, or, if the motion was not sustained, for a new trial. The motion was overruled. Defendant appeals.

We reverse the judgment of the trial court, and remand the cause with directions to sustain the motion for a judgment notwithstanding the verdict.

We state the evidence in the light of the rule that in determining such a motion the plaintiff is entitled to

have every controverted fact resolved in his favor and to have the benefit of every inference that can be reasonably deduced from the evidence. Plumb v. Burnham, 151 Neb. 129, 36 N. W. 2d 612.

The accident happened on a north and south graveled state highway at a point where the traveled surface was 24 feet in width and level so far as the area involved here is concerned. There were distinct north and southbound lanes of travel. It happened about 9 p. m. on August 9, 1953. The weather was clear, the road was dry, there was dust in the air, and there was no wind.

Defendant was the owner of a 1934 Ford Tudor automobile. About 6 p. m. on the day of the accident he stopped the car, with the motor running, in about the middle of the highway, according to his testimony. He went for his mail, returned to the car, found that the engine had stopped running, and he could not get it started. He testified that he left the car with taillight burning and went to his farm home. He did not return to his car until the next morning.

Plaintiff's evidence is that about 9 p. m. that evening he was driving north on the right-hand side of the road at a speed of 25 miles per hour. He observed an "object" of dull color that he thought was a car ahead of him in the road. There were no lights on the object. He did not then determine its position on the highway or whether it was moving. The object was then 100 yards or more ahead. He was at that time on the east half of the road, going north.

Plaintiff started to slow down and pull over to the left and into the southbound lane of travel. He was completely over on the west half of the road at about a distance of 100 feet from defendant's car. He was then traveling at 15 miles per hour. He had seen the object ahead of him during all of this time. He knew the object was on the west side of the road when he was 100 feet away from it. Prior to that time he thought the defendant's car was "a'going" down the road. At 50 to 60 feet

away from it he determined that the object was not moving. On cross-examination, he testified that he thought defendant's car was standing still when he was 100 feet away from it. He testified on direct examination that he applied his brakes when he was probably 30 feet from defendant's car, and "slid into him."

Plaintiff testified that he intended to go around defendant's car to the left.

On cross-examination, he testified that when he was about 15 feet from defendant's car he saw he could not go around it without upsetting. He was then going 10 miles per hour. He was going about 3 or 4 miles per hour at the time of the impact.

Defendant's car was knocked forward and to the right a distance of about 12 feet and was seriously damaged. Plaintiff's car stopped at the point of impact and was seriously damaged on the right front bumper and fender.

There is no contention made here that defendant was not negligent. The defendant's contention is that plaintiff was negligent so as to bar his recovery as a matter of law.

Beginning with Roth v. Blomquist, 117 Neb. 444, 220 N. W. 572, 58 A. L. R. 1473, we have consistently held: "As a general rule it is negligence as a matter of law for a motorist to drive an automobile so fast on a highway at night that he cannot stop in time to avoid a collision with an object within the area lighted by his lamps."

In Buresh v. George, 149 Neb. 340, 31 N. W. 2d 106, we held: "The basis of this rule is that a driver of an automobile is legally obligated to keep such a lookout that he can see what is plainly visible before him and that he cannot relieve himself of that duty. And, in conjunction therewith, he must so drive his automobile that when he sees the object he can stop his automobile in time to avoid it."

We have also held: "The existence or presence of smoke, snow, fog, mist, blinding headlights, or other similar elements which materially impair or wholly de-

stroy visibility are not to be deemed intervening causes but rather as conditions which impose upon the drivers of automobiles the duty to assure the safety of the public by the exercise of a degree of care commensurate with such surrounding circumstances." Haight v. Nelson, 157 Neb. 341, 59 N. W. 2d 576.

Here, of course, plaintiff's negligence is not that he did not see what he should have seen, but that he saw defendant's car when he was over 300 feet from it, when he was 100 feet from it, and when he was 50 to 60 feet from it. High speed is not involved here. There is not and obviously could not be any contention that plaintiff could not have stopped his car in time to avoid a collision, until the last moment before the impact. He was not then trying to stop, but to go around the defendant's car on the left, and then found that he could not do so because of the condition of the shoulder of the road. Then, and then only, did he try to stop. He at all times had a clear passage in his own lane of travel to the right of the defendant's car. He did not use or attempt to use it, but instead he pulled his car into the direct lane of travel leading to defendant's car, and maintained that course with full knowledge of the obstruction ahead of him and ran into it. Even at the time he elected to try to go around defendant's car to the left, the way was open for him to have gone around defendant's car to the right in full safety. He did not use it. We have held: "A motorist who drives his automobile so fast on a highway at night that he cannot stop in time to avoid a collision with an object within the area lighted by his headlights is negligent as a matter of law." Fischer v. Megan, 138 Neb. 420, 293 N. W. 287.

In Stocker v. Roach, 140 Neb. 561, 300 N. W. 627, we held a defendant, as to his cross-petition, barred from recovery by contributory negligence as a matter of law. There the defendant while moving at a speed of 35 miles an hour saw an object in the road when 100 to 200

feet away from it. A collision followed. We there held: "If this court should decline to hold the defendant's conduct to be negligent, the court would be in the anomalous position of holding that failuure to see an object within range of a driver's lights, or failure to so drive or control a car that the driver can avoid collision with obstacles appearing within range of his lights, constitutes negligence, but that failure to exercise any care after being aware of an obstacle, if not a warning, is not negligence."

In the Stocker case, the speed was 35 miles per hour, and there was no slowing down or applying of brakes after the object was seen. Here the speed was less and there was slowing down, both of which would have made easier a stopping or turning aside to avoid the collision.

The language of the Supreme Court of Louisiana in Arbo v. Schulze (La. App.), 173 So. 560, is pertinent here: "The truck is alleged to have been seventy feet from the corner of Holly Grove street, and plaintiff alleges he saw it when fifty feet away when his speed was not more than twelve miles per hour. No matter how it was parked or of what material constructed, the truck was far enough away when he saw it to enable plaintiff to avoid striking it. If the truck was only partially revealed or but dimly perceived, there was the more reason for caution on plaintiff's part. He saw an object directly in his path, and if its outline or dimensions appeared uncertain he should have slowed down, or, if necessary, stopped, in order to ascertain its extent and location, before attempting to pass. If the roadway was narrow, as alleged, there was an additional reason for caution." See, also, Albrecht v. Waterloo Construction Co., 218 Iowa 1205, 257 N. W. 183; Geisen v. Luce, 185 Minn. 479, 242 N. W. 8; Perkins v. Great Central Transport Corp., 262 Mich. 616, 247 N. W. 759; Waterstradt v. Lanyon Dock Co., 304 Mich. 437, 8 N. W. 2d 128; Fortune v. McGinn, 23 Tenn. App. 504, 134 S. W. 2d 898.

It is patent from plaintiff's own testimony that he was guilty of contributory negligence as a matter of law.

In Andelt v. County of Seward, 157 Neb. 527, 60 N. W. 2d 604, we held: "Section 25-1151, R. R. S. 1943, by the use of the words 'when the contributory negligence of the plaintiff was slight and the negligence of the defendant was gross in comparison' clearly intended the words 'in comparison' as qualifying both of the clauses immediately preceding. The words 'slight' and 'gross' as used in the statute are comparative terms and the intent of the statute is that the negligence of the parties shall be compared with the other in determining questions of slight and gross negligence." .

The negligence of the plaintiff is obviously more than slight when compared with that of the defendant in accord with the above rule. It bars his recovery as a matter of law.

In Krepcik v. Interstate Transit Lines, 152 Neb. 39, 40 N. W. 2d 252, we held: "Where the evidence shows beyond reasonable dispute that a plaintiff's negligence was more than slight as compared with a defendant's negligence it is the duty of the court to determine the question as a matter of law and direct a verdict in favor of the defendant."

The trial court should have sustained defendant's motion for a directed verdict made at the close of all the evidence.

We also held in Krepcik v. Interstate Transit Lines, *supra:* "In a case where a motion has been made at the close of all of the evidence for a directed verdict, which motion should have been sustained but was overruled and the case was submitted to a jury which returned a verdict contrary to the motion, and a motion for judgment notwithstanding the verdict is duly filed, it is the duty of the court to sustain the motion and render judgment in accordance with the motion for a directed verdict."

The judgment of the trial court is reversed and the

cause remanded with directions to sustain defendant's motion for judgment notwithstanding the verdict.

REVERSED AND REMANDED WITH DIRECTIONS.